ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
PETER F. LAURA, SBN 116426 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Floor West
P.O. Box 36025
San Francisco, CA  94102-3661
Telephone No. (415) 522-3077
Fax No. (415) 522-3425
Peter.Laura@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JCFB, INC. d/b/a Porta Bella Restaurant and Mediterranean Restaurant,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Salvador J. Martinez and similarly situated employees, including Maria Palacios, who were adversely affected by such practices.  Defendant JCFB, Inc. d/b/a Porta Bella Restaurant subjected Mr. Martinez to a hostile work environment based on his sex, male, and constructively terminated his employment. Defendant JCFB, Inc. d/b/a Mediterranean Restaurant also subjected Ms. Palacios to a hostile work

environment based on her sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) (Title VII) and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the Northern District of California because the alleged unlawful employment practices were committed within the city of Carmel-by-the-Sea and the County of Monterey.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Jose Division of this Court because the unlawful employment practices alleged were committed in Monterey County, which is within the jurisdiction of the San Jose Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5. At all relevant times, Defendant, JCFB, Inc. has continuously been a California corporation doing business in the State of California and the City of Carmel-by-the-Sea, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days before the filing of this lawsuit, Salvador Martinez filed a timely charge with the EEOC alleging that Defendant violated Title VII.

8. On June 27, 2018, the EEOC issued to Defendant a Determination for Salvador

Martinez' charge finding reasonable cause to believe that Defendant violated Title VII by subjecting Mr. Martinez and a class of similarly situated individuals to sexual harassment and retaliation. The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On July 30, 2018, the EEOC sent Defendant a conciliation proposal outlining the terms required for resolution of the charge and claims in the Determination described in paragraph 8 above.

10. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

11. By letter dated August 14, 2018, the EEOC notified Defendant that the EEOC had determined that efforts to conciliate the charge were unsuccessful and that further conciliation would be futile or non-productive.

12. On November 19, 2018, the EEOC issued to Defendant a Notice of Intent to Reconsider and Reconsideration of the EEOC's June 27, 2018 Determination.

13. On November 19, 2018, the EEOC issued to Defendant a Determination for Salvador Martinez' charge finding reasonable cause to believe that Defendant violated Title VII by subjecting Mr. Martinez to sexual harassment and retaliation and constructively terminating his employment and subjecting a class of similarly situated individuals to sexual harassment and retaliation. The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14. On November 19, 2018, the EEOC sent Defendant a conciliation proposal outlining the terms required for resolution of the charge and claims in the Determination described in paragraph 13 above.

15. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

16. By letter dated December 6, 2018, the EEOC notified Defendant that the EEOC had determined that efforts to conciliate the charge were unsuccessful and that further conciliation would be futile or non-productive.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### First Claim—Sexual Harassment

18. Since at least December 2015, Defendant has engaged in unlawful employment practices at its restaurants Porta Bella and Mediterranean in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These practices continued on a regular basis and included subjecting Mr. Martinez to harassment on the basis of his sex, male, and Ms. Palacios to harassment on the basis of her sex, female, which created an offensive, abusive, intimidating, and hostile work environment. The harassment included both verbal and physical acts.

19. Mr. Martinez began his employment with Defendant on January 31, 2016, as a Line Cook at its Porta Bella Restaurant. Beginning in February 2016, Kitchen Manager Leonardo Sanchez and Cook Victor Rivera employed by Defendant regularly subjected Mr. Martinez to unwelcome physical touching by groping his genitals and buttocks.

20. In February and April 2016, Mr. Martinez verbally complained to his supervisor, Chef Jacques Zagouri, about the harassment from Messrs. Sanchez and Rivera, and complained again in writing on April 21, 2016. Chef Zagouri first advised Mr. Martinez to "just ignore them" and then later said "it's all just in good fun."

21. In April 2016, Mr. Martinez told Defendant's owners Bashar Sneeh and Faisai Nimiri that he was humiliated and embarrassed because he was being inappropriately physically grabbed. Mr. Sneeh responded, "they only play."

22. On May 7, 2016, Chef Zagouri grabbed Mr. Martinez' genitals. Mr. Martinez verbally complained to Mr. Sneeh about this incident. When no action was taken in response to this complaint, Mr. Martinez sent a letter on May 27, 2016, to Mr. Sneeh and Mr. Nimiri complaining about the harassment. Mr. Sneeh and Mr. Nimiri spoke to Chef Zagouri, but took no further action to investigate Mr. Martinez' complaints. On June 3, 2016, Mr. Martinez complained to Defendant through an attorney, which was ignored. Defendant failed to take prompt corrective action to correct the harassment of Mr. Martinez or prevent it from recurring.

23. After Mr. Martinez complained about him, Chef Zagouri became hostile, rude and

confrontational towards Mr. Martinez, overly scrutinized his work and yelled at him.  Chef Zagouri also violently shoved Mr. Martinez and physically struck him twice in July 2016.

24. Maria Palacios was hired as a Dishwasher in December 2015 at Defendant's Mediterranean Restaurant.  Throughout her employment, Leonardo Sanchez, one of Mr. Martinez's harassers, also subjected Ms. Palacios to unwelcome sexual comments and physical sexual harassment.

25. In February 2016, Mr. Sanchez stuck his tongue in Ms. Palacios ear while she was washing dishes.  In March 2016, Sanchez put his hand under Ms. Palacios' shirt and grabbed her breast.  Sanchez also followed Ms. Palacios into a walk-in freezer, turned out the light and frightened her.

26. Mr. Sanchez would frequently say to Ms. Palacios in Spanish: "how good you are, little mama" and that she had "something good downstairs."  Mr. Sanchez told Ms. Palacios that if she wanted to be a prep cook she would have to sleep with him.   He also offered to pay her for sex.

27. Ms. Palacios complained about the harassment to Defendant's manager, Sam Rehani.  The harassment stopped for a while, but then the sexual comments from Mr. Sanchez resumed.  Defendant failed to take prompt corrective action to correct the harassment or prevent it from recurring.

28. The effect of the actions complained of in paragraphs 18 through 27 above were to deprive Mr. Martinez and Ms. Palacios of equal employment opportunities and otherwise adversely affect their status as employees.

29. The unlawful employment practices complained of in paragraphs 18 through 27 above were intentional.

30. The unlawful employment practices complained of in paragraphs 18 through 27 above were done with malice or with reckless indifference to the federally protected rights of Mr. Martinez and. Ms. Palacios.

**Second Claim—Constructive Discharge**

31. Plaintiff EEOC hereby incorporates the allegations of paragraphs 18 through 30 above as though fully set forth herein.

32. Since February 2016, and thereafter, Mr. Martinez was subjected to sexual harassment that continued after he complained to Defendant's owners and managers. Mr. Martinez also was subjected to yelling and physical aggression by Chef Zagouri. On July 30, 2016, Chef Zagouri criticized Mr. Martinez, who became upset and left for the day.

33. On July 31, 2016, Chef Zagouri and managers, Sam Rehani and Rafin Ortiz, told Mr. Martinez that he would be given a written warning for insubordinate conduct the previous day. Frustrated with the ongoing harassment and hostility, Mr. Martinez quit that day.

34. By subjecting Mr. Martinez to ongoing sexual harassment and failing to prevent the ongoing harassment despite Mr. Martinez' complaints, Defendant created intolerable working conditions for Mr. Martinez.

35. The acts described in paragraphs 31 through 34 above made Mr. Martinez' working conditions so intolerable that a reasonable person would have felt compelled to resign. Mr. Martinez felt compelled to resign and was constructively discharged on July 31, 2016.

36. The effect of the actions complained of in paragraphs 31 through 35 above were to deprive Mr. Martinez. of equal employment opportunities and otherwise adversely affect his status as an employee.

37. The unlawful employment practices complained of in paragraphs 31 through 35 above were intentional.

38. The unlawful employment practices complained of in paragraphs 31 through 35 above were done with malice or with reckless indifference to the federally protected rights of Mr. Martinez.

**PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with it, from creating, failing to prevent and failing to promptly correct an offensive, abusive, intimidating, and hostile work environment on the basis of sex and/or engaging in any other employment practice that discriminates on the basis of sex.

1       B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant to make whole Mr. Martinez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mr. Martinez.

      D.      Order Defendant to make whole Mr. Martinez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

      E.      Order Defendant to make whole Mr. Martinez and Ms. Palacios by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in above, including inconvenience, pain and suffering, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

      F.      Order Defendant to pay Mr. Martinez and Ms. Palacios punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the EEOC its costs of this action.

///

///

///

# JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

>JAMES L. LEE
>DEPUTY GENERAL COUNSEL
>
>GWENDOLYN YOUNG REAMS
>ASSOCIATE GENERAL COUNSEL
>
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>131 M Street, N.E.
>Washington, DC  20507

Dated:   January 31, 2019             */s/ Roberta L. Steele*
>ROBERTA L. STEELE
>Regional Attorney

Dated:   January 31, 2019             */s/ Marcia L. Mitchell*
>MARCIA L. MITCHELL
>Supervisory Trial Attorney

Dated:   January 31, 2019             */s/ Peter F. Laura*
>PETER F. LAURA
>Senior Trial Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>San Francisco District Office