1   ULRICO S. ROSALES, State Bar No. 139809
    Email: rrosales@wsgr.com
2   BRIZA SANCHEZ, State Bar No. 288470
    Email: bsanchez@wsgr.com
3   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
4   650 Page Mill Road
    Palo Alto, CA 94304-1050
5   Telephone: (650) 493-9300
    Facsimile: (650) 565-5100
6
    Attorneys for Defendant
7   JCFB, Inc. d/b/a/ Porta Bella Restaurant and
    Mediterranean Restaurant
8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12  U.S. EQUAL EMPLOYMENT OPPORTUNITY    )   CASE NO.: 5:19-cv-00552-LHK
    COMMISSION,                           )
13                                        )   **DEFENDANT JCFB, INC. DBA**
                                          )   **PORTA BELLA RESTAURANT**
                   Plaintiff,             )   **AND MEDITERRANEAN**
14                                        )   **RESTAURANT'S ANSWER TO**
              v.                          )   **PLAINTIFF'S COMPLAINT**
15                                        )
    JCFB, INC. d/b/a Porta Bella Restaurant and )   Before: The Hon. Lucy H. Koh
16  Mediterranean Restaurant,             )
                                          )
17                 Defendant.             )
                                          )
18                                        )
                                          )
19                                        )
                                          )
20  _____ )

21  ///

22  ///

23  ///

24

25

26

27

28

Defendant JCFB, Inc. d/b/a Porta Bella Restaurant and Mediterranean Restaurant ("Defendant") hereby answers the Complaint of Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff"), as follows:

**JURISDICTION AND VENUE**

1.      Defendant admits the allegations in Paragraph 1.

2.      Defendant admits that venue is proper in the United States District Court for the Northern District of California.  Except as expressly admitted above, Defendant denies the remaining allegations in Paragraph 2.

**INTRADISTRICT ASSIGNMENT**

3.      Defendant admits that this action is appropriate for assignment to the San Jose Division of this Court.  Except as expressly admitted above, Defendant denies the remaining allegations in Paragraph 3.

**PARTIES**

4.      Defendant admits the allegations in Paragraph 4.

5.      Defendant admits the allegations in Paragraph 5.

6.      Defendant admits the allegations in Paragraph 6.

**ADMINISTRATIVE PROCEDURES**

7.      Defendant admits the allegations in Paragraph 7.

8.      Defendant denies that it engaged in any unlawful employment practices.  Except as expressly denied above, Defendant admits the remaining allegations in Paragraph 8.

9.      Defendant admits the allegations in Paragraph 9.

10.     Defendant admits the allegations in Paragraph 10.

11.     Defendant admits the allegations in Paragraph 11.

12.     Defendant admits the allegations in Paragraph 12.

13.     Defendant denies that it engaged in any unlawful employment practices.  Except as expressly denied above, Defendant admits the remaining allegations in Paragraph 13.

14.     Defendant admits the allegations in Paragraph 14.

15.     Defendant admits the allegations in Paragraph 15.

16.     Defendant admits the allegations in Paragraph 16.

17.     Defendant states that it lacks sufficient knowledge or information to determine whether all alleged conditions precedent to the institution of this lawsuit have been fulfilled and on that basis denies the allegations in Paragraph 17.

## STATEMENT OF CLAIMS

### First Claim – Sexual Harassment

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant admits that Salvador Martinez began his employment with Defendant on January 31, 2016, as a Line Cook at its Porta Bella Restaurant.  Defendant admits that Victor Rivera was employed at its Porta Bella Restaurant in February 2016 as a Cook.  Except as expressly admitted above, Defendant denies the remaining allegations in Paragraph 19.

20.     Defendant admits that in April 2016, Mr. Martinez verbally complained to his supervisor, Jacques Zagouri, about harassment from Mr. Rivera.  Defendant admits that Mr. Martinez sent Mr. Zagouri a complaint in writing following the verbal complaint.  Except as expressly admitted above, Defendant denies the remaining allegations in Paragraph 20.

21.     Defendant admits that in April 2016, Mr. Martinez told Defendant's owners that he was being physically grabbed.  Defendant states that Defendant's owners are Bashar Alsneeh and Faisal Nimri, not Bashar Sneeh and Faisai Nimiri as so stated in Plaintiff's Complaint.  Except as expressly admitted or stated above, Defendant denies the remaining allegations in Paragraph 21.

22.     Defendant admits that Mr. Martinez sent a letter on May 27, 2016 to Mr. Sneeh [sic] and Mr. Nimiri [sic] complaining about harassment.  Defendant admits that Mr. Sneeh [sic] and Mr. Nimiri [sic] spoke to Mr. Zagouri.  Defendant admits that on June 3, 2016, Mr. Martinez complained to Defendant through an attorney.  Defendant further states that the correct names of Defendant's owners are Bashar Alsneeh and Faisal Nimri, not Bashar Sneeh and Faisai Nimiri as so stated in Plaintiff's Complaint.  Except as expressly admitted or stated above, Defendant denies the remaining allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23.

24.     Defendant admits that Maria Palacios was hired as a Dishwasher in December 2015 at Defendant's Mediterranean Restaurant.  Except as expressly admitted above, Defendant denies the remaining allegations in Paragraph 24.

25.     Defendant states that, to its knowledge, Ms. Palacios never complained about the conduct alleged in Paragraph 25 and, as such, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies those allegations.

26.     Defendant states that, to its knowledge, Ms. Palacios never complained about the conduct alleged in Paragraph 26 and, as such, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that basis, denies those allegations.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

**Second Claim – Constructive Discharge**

31.      Defendant incorporates by reference its responses to the allegations set forth in Paragraphs 18 through 30 as if fully set forth herein.

32.     Defendant states that on July 30, 2016, Mr. Zagouri reprimanded Mr. Martinez for failing to properly plate an entree and thereafter Mr. Martinez abandoned his shift for the day. Except as so stated above, Defendant denies the remaining allegations in Paragraph 32.

33.     Defendant admits that on July 31, 2016, Mr. Martinez was given a written warning for his insubordinate conduct the previous day.  Defendant admits that Mr. Martinez quit on July 31, 2016.  Except as expressly admitted above, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and, on that basis, denies those allegations.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant admits that Mr. Martinez resigned on July 31, 2016.  Except as expressly admitted above, Defendant denies the remaining allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36.

37.     Defendant denies the allegations in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies the Plaintiff is entitled to any of the relief sought in the Complaint, or to any relief whatsoever.  Any and all remaining allegations not specifically admitted herein are denied.

**AFFIRMATIVE DEFENSES**

Defendant sets forth the following affirmative and other defenses.  By setting forth these defenses, Defendant does not assume the burden of proof or persuasion as to any matter for which that burden rests with Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Complaint, and each and every purported cause of action contained therein, fails to set forth facts sufficient to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, because to the extent Mr. Martinez or Ms. Palacios suffered damages, each of them failed to mitigate such damages, in whole or in part.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

1

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, and prays for judgment as follows:

1.     That Plaintiff take nothing by way of its Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff and that Plaintiff's action against Defendant be dismissed in its entirety;

3.     For costs incurred herein to the extent permitted  by law;

4.     For reasonable attorneys' fees incurred herein to the extent permitted by law; and

5.     For such other and further relief as the Court may deem just and proper.


Dated:  April 5, 2019                                          WILSON SONSINI GOODRICH & ROSATI
                                                                          Professional Corporation


                                                                          By:  /s/ Ulrico S. Rosales
                                                                                Ulrico S. Rosales
                                                                                Briza Sanchez

                                                                          Phone: (650) 493-9300
                                                                          Email: rrosales@wsgr.com

                                                                          Attorneys for Defendant
                                                                          JCFB, INC. d/b/a Porta Bella Restaurant and
                                                                          Mediterranean Restaurant