ELISABETH A. DEBARTOLO, SBN 224602 (CA)
DEBARTOLO LAW
99 Pacific Street, Suite 555-B
Monterey, CA  93940
Telephone No. (831) 402-7058
DeBartolo_law@yahoo.com

*Attorney for Plaintiffs-Intervenors*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>SALVADOR MARTINEZ,<br><br>          Plaintiff Intervenor,<br><br>MARIA ANGELICA PALACIOS<br><br>          Plaintiff Intervenor,<br><br>     vs.<br><br>JCFB, INC., d/b/a Porta Bella Restaurant and Mediterranean Restaurants; BASHAR SNEEH, an individual; FAISAL NIMRI, an individual, JACQUES ZAGOURI, an individual.<br><br>          Defendants. | Case No.: 5:19-cv-00552<br><br>**COMPLAINT in Intervention**<br><br>1.  **Unlawful Employment Discrimination (Title VII)**<br>2.  **Unlawful Employment Discrimination – State (Cal. Govt. Code 19940)**<br>3.  **Hostile Work Environment: - Intersectional Harassment - State (CA Govt. Code 12940)**<br>4.  **Unlawful Retaliation Based on Protected Activity – Federal (Title 11 of 1964 Civil Rights Act)**<br>5.  **Unlawful retaliation based on Protected Activity – State (Cal. Govt. Code 12940(H))**<br>6.  **Aiding and Abetting Sexual Harassment, Sex Discrimination and Retaliation – State**<br>7.  **Failure to Prevent Discrimination and Harassment – State (Cal. Govt. Code §12940(k))**<br><br>**DEMAND FOR JURY TRIAL** |

Case No. 5:19-cv-000552

COMPLAINT IN INTERVENTION

### I. NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Acts of 1964 and Title I of the Civil Rights Act of 1991, the California Fair Employment and Housing Act, California Government Code § 12940 et seq. ("FEHA") and other California statutory and common law theories to correct unlawful employment practices on the basis of sex, race and retaliation to provide appropriate relief to Plaintiff-Intervenors SALVADOR J. MARTINEZ and MARIA ANGLICA PALACIOS ("Plaintiffs-Intervenors" or "MARTINEZ or PALACIOS". MARTINEZ and PALACIOS bring this against Defendant JCFB, INC. d/b/a PORTA BELLA RESTAURANT AND MEDITERRANEAN RESTAURANT, BASHAR SNEEH, and FAISAL NIMRI, the business owners as Individuals and JACQUES ZAGOURI, the former chef of JCFB, INC, and direct supervisor of MARTINEZ at all times relevant to this case. PLAINTIFFS-INTERVENORS were subjected to a hostile environment, quid pro quo harassment, retaliation based on engaging in protected activity and intersectional harassment based on sex and race during their employment with DEFENDANTS.

### II. JURISDICTION AND VENUE

2. PLAINTIFFS-INTERVENORS' claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e), et seq. ("Title VII"). This Court has jurisdiction over this matter pursuant to 38 U.S.C. §§1331, 1337, and 1343(a)(4) and other provisions of Federal law. This Court has supplemental jurisdiction over PLAINTIFFS-INTERVENORS' claim brought under the California FEHA and other state statutory and common law remedies pursuant to 28 U.S.C. § 1367. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e(f) and (g), as amended, and applicable provisions of California State law including, but not limited to FEHA. Jurisdiction in this court is proper because the employment practices that PLAINTIFFS-INTERVENORS allege to be unlawful were committed in California within the jurisdiction of the United States District Court for the Northern District of California.

### III. INTRADISTRICT ASSIGNMENT

3. This case is properly assigned to the San Jose Division of the Northern District of California because the action arose from occurrences in Monterey County California.

### IV. PARTIES

4. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and y07 of Title VII, 42 U.S.C. §2000—5(f)(1) and (3) and §2000-6(e).

5. Intervenors-Plaintiffs MARTINEZ and PALACIOS are California residents. At all times herein, MARTINEZ AND PALACIOS were employed by Defendant JCFB, INC. as non-exempt employees.

6. At all relevant times, DEFENDANTS JCFB, INC., d/b/a Porta Bella Restaurant and Mediterranean Restaurants; BASHAR SNEEH, an individual; FAISAL NIMRI, an individual, have continuously been an employer engaged in an industry affecting commerce, within the meaning of Sections 701(b), (g) and (h)) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. Defendant JACQUES ZAGOURI has worked in Monterey County during the relevant periods concerning this case.

8. Plaintiffs MARTINEZ and PALACIOS seek to hold the defendant JCFB, INC. and all individual defendants liable for its unlawful practices.

9. The acts and failures to act alleged herein were duly performed by and attributable to all DEFENDANTS, each action as a successor, agent, alter ego, employee, indirect employer, joint employer, and /or integrated enterprise, as the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each defendant participated in, approved of and/or ratified the unlawful acts and omission by the other DEFENDANTS complained of herein.

10. Whenever and wherever reference is made in this Complaint to any act by a DEFENDANT or DEFENDANTS, such allegations and reference shall also be deemed to mean the acts and failures to act of each DEFENDANT acting individually, jointly, and/or severally.

## V.     STATEMENT OF CLAIMS

11.     Prior to institution of this lawsuit, PLAINTIFFS filed charges with the EEOC alleging violations of Title VII by DEFENDANT JCFB, INC.  The Commission has issued Letters of Determination finding that the Charging Parties and similarly situated individuals were subjected to unlawful employment discrimination based upon sex and harassment in violation of Title VII.  Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Title VII, 42 U.S.C Sections 2000e-5(b) and 2000e-6.  MARTINEZ actively participated in the conciliation process.  All conditions precedent to the institution of this lawsuit have been fulfilled.

12.     DEFENDANTS and each of them have engaged in a pattern of unlawful practices in violation of Section 703 and 707 of Title VII, 42 U.S.C. §20003-2, by subjecting MARTINEZ, PALACIOS and similarly situated individuals to a sexually harassing hostile environment, quid pro quo sexual harassment, retaliation and constructive discharge.  The sexually harassing behavior was perpetrated by PLAINTIFFS' supervisors – kitchen managers and the Executive Chef DEFENDANT JACQUES ZAGOURI all of whom were DEFENDANT JCFB, INC'S employees at the time.  The harassment included, but was not limited to DEFENDANT JACQUES ZAGORI and other managers repeatedly grabbing MARTINEZ' penis and buttocks, cornering him, charging and motioning repeatedly to scare him that they were about to do it again, trapping PALACIOS in the walk-in cooler, grabbing her breasts, licking her ear and propositioning her.  PLAINTIFFS found this unlawful harassment and resultant retaliation unwelcome, hostile, aggressive, offensive and humiliating

13.     On information and belief, DEFENDANTS knew that sexually harassing conduct was rampant in the workplace.  MARTINEZ states that sexual assaults and harassment of him and others occurred openly in DEFENDANTS' Kitchens.  DEFENDANTS ignored all warning signs and took no steps to protect the safety and dignity of its employees.

14.     Plaintiff MARTINEZ complained to the DEFENDANTS, his immediate supervisor, DEFENDANT JACQUES ZAGOURI, and other supervisors multiple times about the

1   sexual assaults, hostile environment and retaliation from the Chef and managers.  Complaints were
2   made verbally to the DEFENDANTS, verbally and by text message to DEFENDANT JACQUES
3   ZAGORI, verbally to his other supervisors and even in a formal written letter to DEFENDANT
4   JCFB, INC.  DEFENDANTS, each of them, watched MARTINEZ cry two times when making the
5   complaints, but took no action to make the harassment stop.  One owner DEFENDANT, callously
6   stated to MARTINEZ that he did not have time to deal with the issue because he was leaving on
7   vacation.  Even after receiving the letter from MARTINEZ asking for help with the harassment,
8   they allowed DEFENDANT JACQUES ZAGOURI (a chief harasser and retaliator) to continue
9   supervising MARTINEZ.  Once the DEFENDANT JACQUES ZAGOURI heard that
10  MARTINEZ had complained, he stepped up the harassment, with criticism and even concocted a
11  story that MARTINEZ took a swing at him.  DEFENDANTS took no action to prevent or remedy
12  the sexual harassment, assaults, retaliation and discrimination.

13       15.    Neither MARTINEZ nor PALACIOS were provided information about how to
14  make harassment complaints in the company and had not received training on harassment.  On
15  information and belief, DEFENDANTS had no anti-harassment policy, no anti-harassment
16  training, no "open door" policy for complaints of harassment, despite California Code Regulations
17  requiring all of the above mechanisms be in place to ensure workplaces are free from harassment.
18  DEFENDANTS ignored these duties causing extreme distress to PLAINTIFFS-INTERVENORS.

19       16.    PALACIOS was cornered by DEFENDANT JCFB, INC.'S employees in the walk-
20  in refrigerator.  She was groped and one of the employees licked her ear.  She was told that she
21  would never be promoted to a line cook unless she slept with the manager.  This illegal, harassing
22  conduct continued until PALACIOS resigned in shame and humiliation.  She believed that
23  DEFENDANTS knew about the harassment and condoned it.  Particularly since others were also
24  being sexually attacked and complaining to the owners who retaliated or took no actions to make
25  it stop.  She did not believe that any complaint she made to management would matter and had
26  never received training on harassment or how to make a complaint within the company.
27  //
28  //

17. DEFENDANTS JCFB, INC. and its owners took no steps – legal or moral - to ensure that the workplace was free from harassment, failed to provide legally mandated training on harassment and failed the employees who were subjected to the unlawful harassment in their workplace.

18. The effect of the practices complained of above has been to deprive Plaintiffs and similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees because of sex and race.

19. The unlawful employment practices complained of above were and are willful within the meaning of §706(f)(1) and (3), 706(g)(l), and up7 of Title VII, 42 U.S.C., §20003-5(f)(l) and (3), (g)(l), and 2000e-6.

20. The unlawful employment practices complained of above were intentional and caused MARTIZEZ and PALACIOS and similarly situated individuals to suffer emotional distress.

21. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of MARTINEZ and PALACIOS and other similarly situated individuals.

**FIRST CLAIM FOR RELIEF**

**UNLAWFUL EMPLOYMENT DISCRIMINATION – FEDERAL**
**(TITLE VII, 42 U.S.C. 2000e-2(A)(L)0**

22. PLAINTIFFS-INTERVENORS hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

23. DEFENDANTS unlawfully discriminated against PLAINTIFFS-INTERVENORS based on their sex in violation to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.

24. DEFENDANTS subjected PLAINTIFFS-INTERVENORS to discriminatory terms and conditions of their employment in violation of Title VII of the Civil Rights Act of 1964, as amended, including but not limited to unwanted sexual attacks and comments, unwanted touching and sexual gestures, degrading and humiliating conduct, and/or failed to take steps reasonably

calculated to end the harassment of any discrimination against PLAINTIFF-INTERVENORS as described above and in accordance with law.

26. DEFENDANTS' acts of discrimination against PLAINTIFF-INTERVENORS on the basis of sex were wanton, willful and intentional, and were committed with malice and reckless disregard for the rights and sensibilities of the PLAINTIFFS-INTERVENORS.

26. As direct and proximate result of the aforesaid discrimination based on PLAINTIFF-INTERVENORS' sex, PLAINTIFFS-INTERVENORS have sustained a loss of earnings and other benefits. They have also suffered physical injuries and severe emotional distress manifested by feelings of humiliation, embarrassment, anxiety, nervousness, lack of sleep, and other symptoms of stress.

27. WHEREFORE, PLAIFFS-INTERVENORS request relief as hereinafter provided.

## SECOND CLAIM FOR RELIEF

### UNLAWFUL EMPLOYMENT DISCRIMINATION – STATE (CALIFORNIA GOVERNMET CODE § 12940(A))

28. PLAINTIFFS-INTERVENORS hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

29. At all times material hereto DEFENDANTS owed PLAINTIFFS-INTERVENORS a duty not to discriminate against them in the terms and conditions of their employment on the basis of sex as mandated by the Fair Employment and Housing Act, Government Code Section 12940(a).

30. In violation of the aforesaid duty, DEFENDANTS subjected PLAINTIFF-INTERVENORS to discrimination in working conditions, benefits, and in other terms and conditions of their employment including, but not limited to unwanted sexually offensive comments, unwanted sexual attacks and sexual gestures, degrading and humiliating conduct and/or failed to take steps reasonably calculated to end the intersectional harassment of an discrimination against PLAINTIFF-INTERVENORS as described above and in accordance with the law.

31.     DEFENDANTS' decisions to ignore and suppress their duties to provide a workplace free of harassment was willful, wanton and reckless given their responsibilities as business owners. Their failure to follow the law in providing a policy and training on harassment serves as tacit approval for the offensive conducted. DEFENDANTS knew or should have known that its managers were engaging in sexual attacks and other violations of the law.

32.     DEFENDANTS did not take any steps to ensure a workplace free of harassment for all employees. DEFENDANTS' decisions to take the adverse actions against MARTINEZ including, but not limited to those described in the previous paragraph, were wanton, willful and intentional, and were committed with malicious and reckless disregard for his rights.

33.     DEFENDANTS' acts of discrimination against both PLAINTIFFS-INTERVENORS on the basis of sex were wanton, willful and intentional, and were committed with malicious and reckless disregard of the rights and sensibilities of both PLAINTIFFS-INTERVENORS.

34.     As a direct and proximate result of the aforesaid discrimination based on PLAINTIFFS-INTERVORS' sex, PLAINTIFFS-INTERVEVORS have sustained a loss of earnings and other benefits. They have also suffered physical injuries and severe emotional distress manifested by feelings of humiliation, embarrassment, anxiety, nervousness, lack of sleep, and other symptoms of stress.

35.     DEFENDANTS, acting individually and/or by and through their managers, agents, business partners, officers or directors, committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF-INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFFS-INTERVENORS' rights. Accordingly, PLAINTIFF-INTERVENORES are entitled to recover punitive damages from Defendant in an amount according to proof.

36.     PLAINTIFFS-INTERVENORS are entitled to recover attorneys' fees under Government Code section 12940, et seq. or any other law providing for recovery of attorneys' fees.

1  37. WHEREFORE, PLAINTIFFS-INTERVENORS request relief as hereinafter provided.

### THIRD CLAIM FOR RELIEF

**HOSTILE WORK ENVIRONMENT; INTERSECTIONAL HARASSMENT – STATE
(CALIFORNIA GOVERNMENT CODE § 12940(j))**

38. PLAINTIFFS-INTERVENORS HEREBY incorporate by reference each and every allegation contained above in this complaint as through fully set forth herein.

39. PLAINTIFF-INTERVENORS are Hispanic.  PALACIOS is a female.  DEFENDANTS subjected them to unwelcomed sexual advances, unwelcomed sexual attacks, comments, insults and degrading and humiliating conduct as described above and/or failed to take steps reasonably calculated to end the sexual harassment of PLAINTIFFS-INTERVEORS.

40. DEFENDANTS, their managers', agents' and employees' unwelcomed sexual comments and attacks were so severe or pervasive that they created a hostile work environment and adversely affected the terms and conditions of PLAINTIFFS-INTERVENORS' employment based on sex and race in violation of the Fair Employment and Housing Act, Government Code § 12940(j).

41. DEFENDANTS' failure to prevent the aforesaid acts of harassment were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFFS-INTERVENORS.

42. As a direct and proximate result of the aforesaid harassment based on sex and race, PLAINTIFFS-INTERVENORS have sustained injuries in the form of severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

43. DEFENDANTS, acting individually and/or by and through their managers, partners, agents, officer or directors, committed the acts herein alleged with an improper, malicious and oppressive, evil and wrongful intention of injuring PLAINTIFFS-INTERVENORS.  The callous treatment amounts to malice and conscious disregard for PLAINTIFF-

1  INTERVENORS' rights.  Accordingly, PLAINTIFF-INTERVENORS are entitled to recover

2  punitive damages, according to proof.

3    44. PLAINTIFFS-INTERVENORS are entitled to recover attorneys' fees under

4  Government code section 12940, et. seq. or any other law providing for recovery of attorneys'

5  fees.

6    45. WHEREFORE, PLAINTIFF INTERVENOR requests relief as hereinafter

7  provided.

**FOURTH CLAIM FOR RELIEF**

**UNLAWFUL RETALIATION BASED ON PROTECTED ACTIVITY – FEDERAL
(TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)**

11    46. MARTINEZ and PALACIOS incorporate by references the allegations stated

12  above.

13    47. At all times relevant herein, PLAINTIFFS-INTERVENORS engaged in a protected

14  activity under Title VII of the Civil Rights Act of 196, as amended by complaining to

15  DEFENDANTS and their management about the persistent pattern of unlawful intersectional

16  harassment and discrimination against them.

17    48. At all times material hereto, DEFENDANTS owed PLAINTIFFS-INTERVENORS

18  and similarly situated employees a duty not to discriminate against them in the terms and

19  conditions and their employment on the basis of their opposition to practices prohibited by Title

20  VII of the Civil Rights Acts of 1964, 42 U.S.C. 2000e-3(a).

21    49. In violation of the aforesaid duty, DEFENDANTS took adverse actions against

22  MARTINEZ and denied advancement opportunities to PALACIOS because of their protected

23  activity of complaining about the harassment and discrimination against them, as described herein.

24    50. During the course of PLAINTIFFS-INTERVEORS' employment with

25  DEFENDANTS, they complained to DEFENDANTS and their managers, agents and employees

26  about the unwanted and persistent sexual advances, sexual attacks, harassment and discrimination

27  against them.  DEFENDANTS retaliated against them for making the complaints by tolerating and

28  tacitly approving their managers' constant sexual misconduct, even keeping MARTINIZ under the

1  supervision of the harassers.  He asked for a transfer to one of the three restaurants
2  DEFENDANTS' own, but his request was denied because the offending managers had shifts at
3  those different restaurants as well.

4        51.    Once while MARTINEZ was complaining to DEFENDANTS and crying in
5  humiliation, DEFENDANTS told MARTINEZ that the managers were just playing around.

6        52.    DEFENDANTS' decision to take the adverse actions against PLAINTIFFS-
7  INTERVENORS described herein were wanton, willful and intentional, and were committed with
8  malicious and reckless disregard for the rights and sensibilities of PLAINIFFS-INTERVENORS.

9        53.    As a direct and proximate result of the aforesaid discrimination based on protected
10 activity, PLAINTIFFS-INTERVENORS sustained harm including severe emotional stress and the
11 loss of compensation, including but not limited to wages and other benefits that they otherwise
12 would have received.

13       54.    As a proximate result of DEFENDANTS' conduct, PLAINTIFFS-INTERVENORS
14 have sustained and continue to sustain losses in earnings and continue to suffer humiliation,
15 emotional distress, and metal and physical pain and anguish, all to their damage in a sum
16 according to proof at trial.  DEFENDANTS, acting individually and/or by and through their
17 managers, agents, officers or directors, committed the acts herein alleged maliciously, and
18 oppressively, with the wrongful intention of injuring PLAINTIFF INTERVENOR, and acted with
19 an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF
20 INTERVENORS' rights.

21       55.    PLAINTIFFS-INTERVENORS have retained the assistance of counsel to vindicate
22 their legal rights and is entitled to recover attorney's fees under 42 U.S.C. 5 2000(e), et seq., Title
23 VII of the Civil Rights Act of 1964 or any other law providing for recovery of attorney's fees.

24       56.    WHEREFORE, PLAINTIFFS- INTERVENORS request relief as hereinafter
25 provided.

26                                  **FIFTH CLAIM FOR RELIEF**

27      **UNLAWFUL RETALIATION BASED ON PROTECTED ACTIVITY – STATE**
                  **(CALIFORNIA GOVERNMENT CODE § 12940(H))**
28

57. PLAINTIFFS-INTERVENORS hereby incorporate by reference the above allegations.

58. At all times material hereto, DEFENDANTS owed PLAINTIFFS-INTERVENORS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their opposition to practices prohibited by the Fair Employment and Housing Act, Government Code Section § 12900 et seq.

59. In violation of the aforesaid duty, DEFENDANTS took adverse actions against PLAINTIFFS-INTERVENORS because of their protected activity of complaining about the harassment and discrimination against them, as described herein.

60. DEFENDANTS' decisions to take the adverse actions against PLAINTIFFS-INTERVENORS described herein were wanton, willful and intentional, and committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFFS-INTERVENORS.

61. As a direct and proximate result of the aforesaid discrimination based on protected activity, Plaintiff-Intervenors sustained harm including severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they would otherwise have received.

62. DEFENDANTS, acting individually and/or by and through their managers, agents, officers, or directors, committed the acts herein alleged maliciously, and oppressively, with the wrongful intention of injuring PLAINTIFFS-INTERVENORS, and acted with an improper and evil motive amounting to malice and in conscious disregard of PLAINTIFF-INTERVENORS' rights.  Accordingly, PLAINTIFFS-INTERVENORS are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

63. PLAINTIFFS-INTERVENORS have retained the assistance of counsel to vindicate their legal rights and are entitled to recover attorney's fees under Government Code section 12940, et seq., or any other law providing for recovery of attorneys' fees.

64. WHEREFORE, PLAINTIFFS- INTERVENORS request relief as hereinafter provided.

//

## SIXTH CLAIM FOR RELIEF

**AIDING AND ABETTING SEXUAL HARASSMENT, SEX DISCRIMINATION AND RETALIATION – STATE**
**(CALIFORNIA GOVERNMENT CODE § 12940(i))**

65.     PLAINTIFFS-INTERVENORS hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

66.     In perpetrating the above-described actions and omissions, DEFENDANTS, as employers and business owners, DEFENDANT JACQUES ZAGOURI as senior kitchen staff and supervisor, their agents, managers, servants and/or employees, engaged in a pattern and practice of unlawful aiding and abetting of harassment, discrimination and retaliation, in violation of the California Fair Employment and Housing Act, California Government Code § 12940(i).

67.     DEFENDANTS, their agents, servants and/or employees, attempted to and did in fact, aid, abet, incite, compel and/or coerce their agents, managers, servants and/or employees to engage in unlawful sexual harassment, sex and/or gender discrimination, and retaliation against the PLAINTIFFS-INTERVENORS, as alleged above.

68.     As a direct and proximate result of the aforesaid harassment based on sex, PLAINTIFF-INTERVENORS have sustained injury in the form of severe emotional distress, humiliation, embarrassment, and mental anguish, all to their damage in amounts to be established at trial.

69.     DEFENDANTS' acts were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFFS-INTERVENORS.

70.     WHEREFORE, PLAINTIFFS-INTERVENORS request relief as hereinafter provided.

## SEVENTH CLAIM FOR RELIEF

**FAILURE TO PREVENT DISCRIMINATION AND HARASSSMENT – STATE**
**(CALIFORNIA GOVERNMENT CODE §12940(k))**

71.     PLAINTIFFS –INTERVENORS hereby incorporate by reference each and every allegation contained above.

72. DEFENDANTS, and/or their managers, agents and/or employees, failed to take all reasonable steps necessary to prevent the harassment and discrimination in employment described herein from occurring. DEFENDANTS knew or should have known of the harassment and discrimination against PLAINTIFFS-INTERVENORS described above, yet failed to conduct an investigation into the nature and substance of the discrimination and failed to take immediate and appropriate corrective action so as to discipline any of the offenders.

73. By failing to take all reasonable steps – prospectively or proactively (until months after being contacted by an attorney on MARTINEZ'S behalf) - to prevent discrimination, and by failing to properly investigate and remedy the discrimination that occurred, DEFENDANTS committed unlawful employment practices as described in and prohibited by California Government Code § 12940(k).

74. In engaging in the aforementioned conduct, DEFENDANTS, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

75. As a direct and foreseeable result of the aforesaid acts of said DEFENDANTS, Plaintiffs-Intervenors have lost and will continue to lose income and benefits in an amount to be proven at the time of trial. PLAINTIFF-INTERVENORS claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 328 and/or any other provisions of law providing for pre-judgment interest.

76. As a result of the aforesaid acts of DEFENDANTS, PLAINTIFFS-INTERVENORS claim general damages for mental and severe emotional distress and aggravation in an amount to be proven at the time of trial.

77. DEFENDANTS, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, and oppressively, with the wrongful intention of injuring Plaintiffs-Intervenors, and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs-Intervenor's rights. Accordingly, Plaintiff- Intervenors are entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

1   78.   Plaintiffs-Intervenors are entitled to recover attorneys' fees under California Government Code § 12940, et seq, or any other law providing for recovery of attorneys fees.

2   79.   WHEREFORE, PLAINTIFFS-INTERVENORS request relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS-INTERVENORS respectfully pay that this Court:

A.   Award PLAINTIFF-INTERVENORS compensatory damages including lost wages and benefits according to proof;

B.   Award PLAINTIFFS-INTERVENORS mental and emotional distress damages for their emotional suffering and related medical and therapeutic expenses according to proof;

C.   Award PLAINTIFF-INTERVENORS civil penalties as provided by statute;

D.   Award PLAINTIFFJ-INTERVENORS punitive and exemplary damages according to proof;

E.   Award PLAINTIFF-INTERVENORS' attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. §20003-5(k);

F.   Award PLAINTIFF-INTERVENORS prejudgment interest on all amounts claimed; and award PLAINTIFF-INTERVENORS and other relief that the Court may deem proper;

G.   All damages which individual PLAINTIFF-INTERVENORS have sustained as a result of DENENDANTS' conduct, including; general and special damages for lost compensation and job benefits that they would have received but for the discriminatory practices of DEFENDANTS, damages for emotional distress, and punitive damages, in amounts according to proof;

H.   A preliminary and permanent injunction against DEFENDANTS and their directors, officers, owners, agents, successors, supervisors, employees and representatives, and any and all persons acting in concert with them, requiring them to:

    a.   Desist from engaging in each of the unlawful practices, policies, customs and usages set forth herein,

    b. Adopt a lawful policy for preventing and remedying unlawful harassment and discrimination that creates an effective process for the investigation and resolution of harassment and discrimination complaints and forbids unlawful retaliation against complainants; and

    c. Create a monitoring and reporting system to ensure that injunctive relief is fully implemented;

  I. A declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. 5 2000(e), et seq.

  J. Costs of litigation incurred by PLAINTIFFS-INTERVENORS, including reasonable attorneys' fees, to the extent allowable by law;

  K. Pre-and post-judgment interest, as provided by law, in amounts according to proof;

  L. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

  M. Grant a permanent injunction enjoining DEFENDANTS, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex or race.

  N. Order DEFENDANTS to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and all people of any race, and which eradicate the effects of its past and present unlawful employment practices.

  O. Order DEFENDANTS to make whole PLAINTIFF-INTERVENORS and similarly situated individuals in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  P. Order DEFENDANTS to make whole PLAINTIFFS-INTERVENORS and similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

  Q. Order DEFENDANTS to pay PLAINTIFFS-INTERVENORS and similarly situated individuals punitive and exemplary damages for its malicious and reckless conduct

described above, in amounts to be determined at trial.

  R. Grant such further relief as the Court deems necessary and proper in the public interest.

## VI. **DEMAND FOR JURY TRIAL**

  PLAINTIFFS-INTERVENORS hereby demand trial of their claims by jury to the extent authorized by law.

                Respectfully submitted,

DATED:  April 12, 2019      DEBARTOLO LAW

                By:  /s/ Elisabeth A. DeBartolo
                    Elisabeth A. DeBartolo

                 Elisabeth A. DeBartolo

                99 Pacific Street, Suite 555-B
                Monterey, CA  93940
                Telephone No. (831) 402-7058
                DeBartolo_law@yahoo.com

                *Attorney for Plaintiffs-Intervenors*