UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JCFB, INC.,<br><br>Defendant. | Case No. 19-CV-00552-LHK<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>Re: Dkt. Nos. 17-1 |

On January 31, 2019, Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed the instant suit against Defendant JCFB, Inc., which operates both the Porta Bella Restaurant and the Mediterranean Restaurant. ECF No. 1. The EEOC initiated suit in response to Salvador Martinez's charge of discrimination filed with the EEOC which alleged that Defendant violated Title VII of the Civil Rights Acts of 1964, as amended, by subjecting Martinez, formerly a line cook at Defendant's Porta Bella restaurant, to sexual harassment and retaliation. Before the Court is Salvador Martinez's and Maria Palacios' motion to intervene as plaintiffs and to file a complaint in intervention in the instant suit ("motion to intervene"). The EEOC does not oppose Martinez's and Palacios' motion to intervene. ECF No. 18. Moreover, Defendant does not oppose

1

Case No. 19-CV-00552-LHK
ORDER GRANTING MOTION TO INTERVENE

1 Martinez's motion to intervene. ECF No. 24 at 1. However, Defendant does oppose Palacios'
2 motion to intervene. *Id.*

3 As none of the parties object to allowing Martinez to intervene, the Court hereby GRANTS
4 Salvador Martinez's motion to intervene. Thus, in the instant order, the Court focuses on Palacios.
5 Having considered the filings of the parties, the relevant law, and the record in this case, the Court
6 hereby GRANTS Palacios' motion to intervene.

## I. BACKGROUND

As a preliminary matter, the Court addresses the types of evidence properly considered in evaluating a motion to intervene. According to the Ninth Circuit, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion . . . . [H]owever, we do not foreclose consideration of the pleadings and affidavits of opponents to intervention . . . ." *Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). In addition, consideration of the complaint is permissible. *Id.* at 819.

### A. Factual Background

Although the Court has already granted Martinez's motion to intervene, the Court's legal analysis below requires consideration of the facts surrounding Martinez's claims. Thus, the Court first discusses Palacios, then Martinez.

#### 1. Maria Palacios

In December 2015, Palacios was hired as a dishwasher at Defendant's Mediterranean Restaurant. ECF No. 12 at ¶ 24. The EEOC alleges that throughout Palacios' employment, Leonardo Sanchez, one of Defendant's other employees, "subjected Ms. Palacios to unwelcome sexual comments and physical sexual harassment." Specifically, in February 2016, Sanchez "stuck his tongue in Ms. Palacios [sic] ear while she was washing dishes." ECF No. 1 ("Compl.") at ¶ 25. In March 2016, "Sanchez put his hand under Ms. Palacios' shirt and grabbed her breast. Sanchez also followed Ms. Palacios into a walk-in freezer, turned out the light and frightened her." *Id.* Frequently, Sanchez would say to Palacios in Spanish: "how good you are, little mama" and that

2

Palacios had "something good downstairs." *Id.* at ¶ 26. Sanchez also told Palacios that if Palacios wished to be a "prep cook[,] she would have to sleep with him. *Id.* [Sanchez] also offered to pay [Palacios] for sex. *Id.*

Palacios complained of the repeated instances of physical and sexual harassment to Defendant's manager, Sam Rehani. *Id.* at ¶ 27. Thereafter, Sanchez stopped harassing Palacios for a period of time, but Sanchez eventually resumed making sexual comments to Palacios. *Id.* However, Defendant states that to its knowledge, Palacios never complained about *any* of the harassment to which Palacios was subjected. ECF No. 12 at ¶¶ 25-26. Palacios states that she resigned from her job at Defendant's Mediterranean Restaurant on May 16, 2016. ECF No. 24-4 at 2.[1]

### 2. Salvador Martinez

On January 31, 2016, Martinez began his employment at Defendant's Porta Bella Restaurant as a line cook. ECF No. 12 at ¶ 19. Starting in February 2016, Leonardo Sanchez and Victor Rivera "regularly subjected Mr. Martinez to unwelcome physical touching by groping his genitals and buttocks." Compl. at ¶ 19. In February and April 2016, Martinez verbally complained to his supervisor, chef Jacques Zagouri, about the harassment. *Id.* at ¶ 20. Martinez complained in writing on April 21, 2016. *Id.* However, Martinez's efforts were in vain as Zagouri told Martinez to "just ignore them" and "it's all just in good fun." *Id.* In April 2016, Martinez approached Defendant's owners Bashar Alsneeh and Faisal Nimri[2] about the harassment. *Id.* at ¶ 21. Alsneeh told Martinez that "they only play." *Id.*

On May 7, 2016, Zagouri grabbed Martinez's genitals. *Id.* at ¶ 22. Martinez reported Zagouri's conduct to Alsneeh, who took no action. *Id.* On May 27, 2016, Martinez again

---

[1] Attachments to Defendant's opposition to the motion to intervene contain documents that are not sequentially paginated. Thus, the Court uses the ECF-generated pagination.
[2] In the EEOC's complaint, the EEOC mistakenly refers to Defendant's owners as "Bashar Sneeh" and "Faisai Nimiri." Compl. at ¶ 21. In a declaration filed with Defendant's opposition brief, Defendant's owners are identified as "Bashar Alsneeh" and "Faisal Nimri." ECF No. 24-1 (Alsneeh Decl.) at ¶¶ 1, 4. The Court will refer to Defendant's owners by their names as they appear in the declaration.

complained about the harassment in a letter to Alsneeh and Nimri. *Id.* Alsneeh and Nimri spoke to Zagouri but did nothing else to investigate Martinez's complaints. *Id.* On June 3, 2016, through an attorney, Martinez complained to Defendant to no avail. *Id.* Moreover, Zagouri became "hostile, rude and confrontational" toward Martinez after Martinez complained about Zagouri. *Id.* at ¶ 23. Apparently, Zagouri "violently shoved" Martinez and "physically struck him twice in July 2016." *Id.*

On July 30, 2016, Martinez failed to plate an entrée in accordance with Zagouri's orders. ECF No. 24-1 (Alsneeh Decl.) at ¶ 5. Zagouri criticized Martinez's work performance, which triggered an argument between Zagouri and Martinez. *Id.* Martinez subsequently abandoned his shift and left the Porta Bella Restaurant. *Id.* When Martinez returned to work the next day on July 31, 2016, Zagouri gave Martinez a written warning for Martinez's insubordination. *Id.* Martinez refused to sign the written warning. *Id.* Instead, Martinez told Zagouri that Martinez was quitting, effective immediately. *Id.*

### B. Procedural History

The Court first discusses Martinez's EEOC charge, then Palacios' EEOC charge, and finally, the instant case.

#### 1. Martinez's EEOC Charge

On August 23, 2016, the EEOC received Martinez's charge of discrimination. ECF No. 24-3 at 2. Martinez's charge of discrimination alleged that he was discriminated against based on sex and faced retaliation while working at Porta Bella Restaurant. *Id.*

The Ninth Circuit has held that in California, "a Title VII charge must be filed within 300 days after the allegedly unlawful employment practice." *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1106 n.2 (9th Cir. 2018); *see also Brown v. Port of Oakland*, 2019 WL 174527, at *1 (N.D. Cal. Jan. 10, 2019) ("To the extent plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, he must have filed an EEOC charge within 300 days of the unlawful-employment action."). Martinez's charge was timely filed because the charge was filed within 300 days of the allegedly unlawful employment practice because Martinez began his employment at

4

Case No. 19-CV-00552-LHK
ORDER GRANTING MOTION TO INTERVENE

Defendant's Porta Bella Restaurant on January 31, 2016. ECF No. 12 at ¶ 19

In his charge of discrimination, Martinez also gave a narrative explanation of the discrimination he faced. For instance, Martinez noted that Defendant's employees Leonardo Sanchez and Victor Rivera frequently subjected Martinez to physical sexual harassment. ECF No. 24-3 at 2. Martinez also made mention of his complaints about the harassment to chef Zagouri and to Defendant's owners Alsneeh and Nimri, none of whom were able to stop the sexual harassment. *Id.* at 2-3.

On June 27, 2018, Martinez, through counsel, received notice from the EEOC that the EEOC's investigation into Martinez's charge revealed that "there is reasonable cause to believe that [Defendant] subjected [Martinez] to sexual harassment and retaliated against [Martinez] for engaging in protected activity, and therefore violated Title VII of the Civil Rights Act of 1964, as amended." ECF No. 26-5 at 2. Moreover, the EEOC "invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief." Compl. at ¶ 8. However, on December 6, 2018, "the EEOC notified Defendant that the EEOC had determined that efforts to conciliate the charge were unsuccessful and that further conciliation would be futile or non-productive." *Id.* Thus, on January 31, 2019, the EEOC brought suit against Defendant. ECF No. 1.

### 2. Palacios' EEOC Charge

On February 9, 2018, the EEOC received Palacios' charge of discrimination. ECF No. 24-4 at 2. Palacios' charge of discrimination stated that she was discriminated against on the basis of sex. *Id.* In particular, Palacios' charge alleged that Leonardo Sanchez physically and verbally harassed her, and that she reported the harassment to Defendant's manager Sam Rehani to no avail. *Id.* Palacios further alleges that she had no option but to resign. *Id.*

However, Palacios' charge of discrimination was untimely filed with the EEOC. As aforementioned, "a Title VII charge must be filed within 300 days after the allegedly unlawful employment practice." *Scott*, 888 F.3d at 1106 n.2. Palacios' charge of discrimination stated that the latest date any discrimination took place was May 16, 2016 (the date she resigned from her

5

1  position at Defendant's Mediterranean Restaurant). 300 days from May 16, 2016 is March 12,
2  2017. The EEOC received Palacios' charge of discrimination on February 9, 2018, almost one
3  year after the statutory period for filing a charge of discrimination had ended. Thus, Palacios'
4  charge of discrimination was untimely. The EEOC did not file suit with respect to Palacios'
5  charge of discrimination.

### 3. The Instant Case

On January 31, 2019, the EEOC brought suit against Defendant JCFB, Inc. ECF No. 1. The instant suit is predicated on Martinez's charge of discrimination timely filed with the EEOC. *Id.* at ¶¶ 7-8. Before bringing suit, the EEOC was unable to informally conciliate the charge against Defendant. *Id.* at ¶ 16.

On April 5, 2019, Defendant answered the complaint. ECF No. 12. On April 12, 2019, Martinez and Palacios filed the instant motion to intervene. ECF No. 17 ("Mot."). On April 19, 2019, the EEOC filed notice that it does not oppose the motion to intervene. ECF No. 18. On April 26, 2019, Defendant opposed Palacios' motion to intervene but did not oppose Martinez's motion to intervene. ECF No. 24 ("Opp."). On May 3, 2019, Martinez and Palacios filed a reply. ECF No. 26 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Intervene

Federal Rule of Civil Procedure 24(a)(1) requires that a court permit anyone to intervene who "[o]n timely motion . . . is given an unconditional right to intervene by a federal statute." "Rule 24(a) is construed broadly, in favor of the applicants for intervention." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liability Litig.*, 894 F.3d 1030, 1037 (9th Cir. 2018) (quoting *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990)).

Alternatively, under Federal Rule of Civil Procedure 24(b), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "[I]n exercising its discretion, the court is to consider 'whether

6

Case No. 19-CV-00552-LHK
ORDER GRANTING MOTION TO INTERVENE

the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1128 n.10 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (quoting Fed. R. Civ. P. 24(b)(2)).

### III. DISCUSSION

The Court addresses whether Palacios may intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(1). Though Palacios also argues that she may intervene under the permissive intervention provision of Federal Rule of Civil Procedure 24(b), Mot. at 5, the Court need not reach the question of permissive intervention because the Court finds dispositive its analysis of whether Palacios may intervene as a matter of right.

**A. Whether Palacios may Intervene as a Matter of Right under Rule 24(a)(1)**

Federal Rule of Civil Procedure 24(a)(1) states that "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Pursuant to 42 U.S.C. § 2000e-5(f)(1), the "person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]."

Defendant argues that Palacios is not an aggrieved person under 42 U.S.C. § 2000e-5(f)(1) because she failed to timely file a charge of discrimination with the EEOC. Opp. at 3-4. Palacios concedes that she did not timely file a charge of discrimination, but argues that she should be allowed to intervene "as it causes no prejudice or hardship to the defendant." Reply at 5.

Courts have held that to intervene as a matter of right, the person seeking to intervene must have exhausted his or her administrative remedies, such as timely filing a charge of discrimination with the EEOC. For instance, in *E.E.O.C. v. Fry's Electronics, Inc.*, the court held that "Congress intended to limit the right of intervention to those 'persons aggrieved' who previously [timely] filed a charge with the EEOC." 770 F. Supp. 2d 1168, 1171 (W.D. Wash. 2011). Moreover, the *Fry's Electronics* court held that the "right to intervene granted to 'persons aggrieved' must be read in concert with Title VII's exhaustion requirement." *Id.* (citing *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) ("To establish federal subject matter jurisdiction, a plaintiff is required

7

Case No. 19-CV-00552-LHK
ORDER GRANTING MOTION TO INTERVENE

to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim.")). Other courts have arrived at the same conclusion as the *Fry's Electronics* court. *See, e.g.*, *U.S. E.E.O.C. v. Cent. California Found. For Health*, 2011 WL 149831, at *2 (E.D. Cal. Jan. 18, 2011) (holding that individuals "who did not file charges with the EEOC" do not constitute aggrieved persons because "an aggrieved person is defined as a person who has filed a charge with the EEOC" (internal quotation marks omitted)); *Doss v. Franciscan Health Sys.*, 2011 WL 3841707, at *2 (W.D. Wash. Aug. 30, 2011) ("Aggrieved individuals who wish to file suit or intervene in a suit brought by the EEOC on their behalf are ordinarily required to exhaust their administrative remedies. Plaintiffs exhaust their administrative remedies by . . . filing a charge of discrimination with the EEOC within the limitation period contained in Section 2000e-5(e).").

As discussed above, Palacios untimely filed a charge of discrimination with the EEOC because Palacios filed almost one year after the 300-day statutory period for filing a charge of discrimination had ended. Thus, because Palacios failed to timely file a charge with the EEOC regarding discrimination against her, Palacios might not have an unconditional right to intervene under 42 U.S.C. § 2000e-5(f)(1).

However, the single filing rule, otherwise known as the piggybacking rule, is an exception to the exhaustion requirement. "[A]n aggrieved employee who fails to file a timely charge . . . may still be able to pursue a claim [by intervening] under the piggyback or single-filing rule, in which the employee 'piggyback[s]' onto the timely [EEOC] charge filed by another plaintiff for purposes of exhausting administrative remedies." *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016). "The piggyback rule is a judicially created . . . rule based on the observation that it would be duplicative and wasteful for complainants with similar grievances to have to file identical notices of intent to sue with a government agency." *Id.*

The Court next discusses whether Palacios may still be able to intervene as of right under the single filing rule, and then discusses whether the instant motion to intervene is timely.

### 1. Whether the Single Filing Rule Applies

"In order for a non-charging party to be exempt from the exhaustion requirement under the

8

Case No. 19-CV-00552-LHK
ORDER GRANTING MOTION TO INTERVENE

single filing rule and intervene in an EEOC action, district courts typically require that the claims be 'nearly identical' to the claims raised by the charging individuals." *Fry's Elecs.*, 770 F. Supp. 2d at 1172; *see also, e.g.*, *Martinez v. Victoria Partners*, 2014 WL 1268705, at *6 (D. Nev. Mar. 27, 2014) ("Trial courts in this circuit that have applied the [single filing] rule emphasize that so long as the claims at issue are virtually the same, notice of one administrative claim is sufficient to place the allegedly offending entity on notice of all claims."); *E.E.O.C. v. Albertson's LLC*, 579 F. Supp. 2d 1342, 1345 (D. Colo. 2008) (permitting intervention where "claims for class-wide retaliation, and the supporting allegations, are 'nearly identical' or verbatim to those asserted in this case by [the charging party] and the EEOC"); *E.E.O.C. v. Outback Steak House of Florida, Inc.*, 245 F.R.D. 657, 659 (D. Colo. 2007) (allowing intervention by "individuals with 'nearly identical' claims to the charging parties").

Here, the Court finds that Palacios' discrimination claims are nearly identical to Martinez's discrimination claims. As an initial matter, the fact that Palacios was employed by Defendant's Mediterranean Restaurant whereas Martinez was employed by Defendant's Porta Bella Restaurant is a distinction without a difference. Both restaurants are owned by the same individuals—Bashar Alsneeh and Faisal Nimri. ECF No. 24-1 at ¶ 4. Both restaurants are under the same roof because the restaurants "share a walk-in." ECF No. 26-1 at ¶ 6. Both restaurants share a "linen and uniform storage area, break areas/smoking areas, wine cellar, [and] passage ways." *Id.* Much of the kitchen is common to both restaurants, which is important because both Martinez and Palacios were kitchen staff—Martinez as a line cook and Palacios as a dishwasher. *Id.* at ¶ 5. The restaurants share a general manager, Sam Rehani. ECF No. 26-2 at ¶ 11. Indeed, the two restaurants are so intertwined that they "shared staff when needed to cover shifts." *Id.* at ¶ 8. For instance, Martinez was sometimes assigned to work at Mediterranean Restaurant and Palacios was sometimes assigned to work at Porta Bella Restaurant. *Id.*; ECF No. 26-1 at ¶ 8.

The degree to which both restaurants are intertwined and to which staff are shared is accentuated by the fact that Martinez and Palacios have complained that the *same individual*, Leonardo Sanchez, sexually harassed both Martinez and Palacios, even though Martinez and

9

Palacios were usually assigned to different restaurants. Specifically, during one incident, "Sanchez put his hand under Ms. Palacios' shirt and grabbed her breast." Compl. at ¶ 25. Likewise, Sanchez "regularly subjected Mr. Martinez to unwelcome physical touching by groping his genitals and buttocks." *Id.* at ¶ 19. Both Martinez and Palacios brought their sexual harassment complaints of multiple instances of harassment to restaurant management to no avail. Palacios complained to Sam Rehani, general manager of both restaurants. ECF No. 26-2 at ¶ 11. Martinez complained to chef Zagouri and restaurant owners Alsneeh and Nimri. Compl. at ¶ 21. Despite Palacios and Martinez's complaints to management, the harassment did not stop. *Id.* at ¶¶ 22, 27.

Under similar circumstances to the instant case, courts have applied the single filing rule to excuse an intervening party's failure to timely file an EEOC charge and have allowed the party seeking intervention to intervene as a matter of right. In *E.E.O.C. v. Giumarra Vineyards Corp.*, intervening plaintiff Maribel Ochoa's timely-filed EEOC charge alleged that Ochoa was "harassed and discriminated against based on . . . national origin" because a manager "often yelled at [Ochoa], [Ochoa's] family, and other indigenous [employees], saying that [Ochoa and her colleagues] are Indians who could not speak Spanish as a second language." 2010 WL 3220387, at *6 (E.D. Cal. Aug. 13, 2010). The *Giumarra* court determined that Guadalupe Martinez, who sought to intervene in the EEOC's suit but did not timely file an EEOC charge, possessed claims that were "nearly identical" to the claims of intervening plaintiff Ochoa. *Id.* at *7. Specifically, Guadalupe Martinez and Ochoa worked on the same "picking line," lived in the same employer-provided housing, and complained about the national origin harassment to management. *Id.* In applying the single filing rule, the *Guimarra* court held that Guadalupe Martinez was an "aggrieved person" under 42 U.S.C. § 2000e-5(f) and thus, Guadalupe Martinez had the right to intervene. *Id.* at *8. Analogously, in the instant case, Palacios and Martinez both worked in the kitchen, which was generally shared between the two restaurants, ECF No. 26-1 at ¶ 5; both were subjected to physical sexual harassment by Defendant's other employees, Compl. at ¶¶ 19, 25; and both complained to restaurant management about the sexual harassment, ECF No. 26-2 at ¶ 11; Compl. at ¶ 21.

10

Case No. 19-CV-00552-LHK
ORDER GRANTING MOTION TO INTERVENE

Moreover, in *Equal Emp't Opportunity Comm'n v. Trans Ocean Seafoods, Inc.*, five individuals sought to intervene in the EEOC's suit against defendant Trans Ocean Seafoods, Inc. 2016 WL 10591398, at *1 (W.D. Wash. Jan. 28, 2016). Four of the five individuals who sought to intervene were women who were at various times subjected to "offensive and unwelcome conduct, including demeaning and sexually charged language" made by their supervisor and other male employees. *Id.* Three of the four women timely filed separate charges of discrimination with the EEOC. *Id.* However, Maricela Dominguez, part of the group of four women, never filed a charge of discrimination with the EEOC. *Id.* at *2. Nevertheless, the *Trans Ocean* court held that "[a]lthough not extensively addressed by the Intervenors, it appears that Dominguez's claims are nearly identical to those of" the three other women. *Id.* Specifically, Dominguez was also subject to "sexually harassing conduct" like the three other women. *Id.* Thus, the *Trans Ocean* court concluded that "there is little doubt that Dominguez may properly make use of the single filing rule." *Id.* Likewise, here, Martinez's charge of discrimination explicitly made mention of Leonardo Sanchez's propensity to physically sexually harass Martinez, ECF No. 24-3 at 2, allegations which are identical to Palacios' claim that Sanchez "frequently subjected [Palacios] to sexual comments and physical sexual harassment," ECF No. 24-4 at 2.

Defendant's attempts to distinguish Palacios' claims from Martinez's claims make mountains out of molehills of the purported differences between the claims. For instance, Defendant argues that the alleged harassment took place in different workplaces. Opp. at 5. But as discussed above, the two restaurants are intertwined to such a degree that Palacios and Martinez were *both* subjected to sexual harassment by Sanchez. Defendant points out that *how* Palacios and Martinez were physically harassed differed, *id.*, but the application of the single filing rule requires *nearly* identical claims, not identical claims. Both Palacios and Martinez were subject to physical sexual harassment in sensitive, very private parts of their bodies. For example, "Sanchez put his hand under Ms. Palacios' shirt and grabbed her breast." Compl. at ¶ 25. Likewise, Sanchez "regularly subjected Mr. Martinez to unwelcome physical touching by groping his genitals and buttocks." *Id.* at ¶ 19. Moreover, Defendant argues that because Martinez and Palacios worked in

11

different restaurants, there would be "different alleged witnesses to alleged events that took place at different times at different locations." Opp. at 6. However, this argument speaks to how Palacios and Martinez might *prove* that harassment occurred and not whether their claims are nearly identical, which is the inquiry the Court must conduct. In addition, Defendant argues that: the harassment was reported to different individuals; Martinez alleges that he was constructively terminated whereas Palacios voluntarily resigned; and Martinez's EEOC charge referred to chef Zagouri and the Restaurants' owners in his description, whereas Palacios' charge did not. However, as noted above, none of Defendant's additional arguments speak to the similarity between Palacios and Martinez's claims of discrimination.

In sum, the Court has determined that Palacios is exempt from the administrative requirement that she timely file a charge of discrimination because of the single filing rule. Per the *Giumarra* court and Rule 24(a)(1), Palacios has a right to intervene here so long as the instant motion to intervene was timely filed. Thus, the Court next discusses whether the motion to intervene was timely filed.

### 2. Whether the Instant Motion to Intervene was Timely Filed

"Courts weigh three factors in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). The Court discusses each factor in turn.

    a.    Factor One: Stage of the Proceeding at which an Applicant Seeks to Intervene

The EEOC initiated the instant suit on January 31, 2019, ECF No. 1, and Palacios and Martinez's moved to intervene on April 12, 2019, ECF No. 17, approximately three months after the EEOC filed a complaint. Thus, the litigation is in its earliest stages. Indeed, Palacios and Martinez moved to intervene before April 29, 2019, when the Court entered a case management order. Similarly, the *Trans Ocean* court found that the motion to intervene in *Trans Ocean* was timely filed because the "litigation is in its earliest stages" and the motion to intervene was filed before the *Trans Ocean* court had even entered a scheduling order. 2016 WL 10591398, at *3.

1 Thus, the first factor weighs in favor of allowing Palacios and Martinez to intervene.

        b. Factor Two: Prejudice to Other Parties

No party to this action has disclosed that there would be prejudice in granting the motion to intervene. Indeed, the motion to intervene "does not appear to have prejudiced either party in the lawsuit, since the motion was filed before the district court had made any substantive rulings." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). Moreover, no party "has given this Court any reason to believe they will be prejudiced, weighing in favor of allowing intervention." *Trans Ocean*, 2016 WL 10591398, at *3. Therefore, the second factor weighs in favor of allowing Palacios and Martinez to intervene.

        c. Factor Three: Reason for and Length of Delay

Any delay by Palacios and Martinez in filing the instant motion to intervene was minimal because the motion to intervene was filed on April 12, 2019, less than two and a half months after the instant suit was filed on January 31, 2019. Likewise, the *Trans Ocean* court found that any delay was minimal and did not weigh against allowing intervention because "this case was filed on September 30, 2015 . . . and Intervenors filed their Motions on December 9, 2015," also an interval of approximately two and a half months. 2016 WL 10591398, at *3. Therefore, here, the interval between when the EEOC filed suit and when Palacios and Martinez filed the instant motion to intervene was minimal and does not weigh against intervention.

        d. Summary

In sum, two of the three factors in determining whether a motion to intervene was timely weigh in favor of allowing intervention. The remaining factor does not weigh against intervention. Thus, Palacios and Martinez's motion to intervene is timely.

To conclude, because the single filing rule excuses Palacios' untimely charge of discrimination and because the motion to intervene was timely filed, the Court finds that both Palacios and Martinez may intervene as of right in the instant action.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Salvador Martinez's and Maria Palacios'

13

motion to intervene.

**IT IS SO ORDERED.**

Dated: June 19, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 19-CV-00552-LHK
ORDER GRANTING MOTION TO INTERVENE