ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
RAYMOND T. CHEUNG, SBN 176086 (CA)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone: (415) 522-3157
Fax: (415) 522-3425
Raymond.Cheung@eeoc.gov

*Attorneys for Plaintiff EEOC*

LORI J. COSTANZO, SBN 142633
ANDREA JUSTO, SBN 310122
COSTANZO LAW FIRM, APC
111 W. St. John Street, Ste. 700
San Jose, CA 95113
Telephone: (408) 993-8493
Fax: (408) 993-9496
Lori@costanzo-law.com
Andrea.Justo@costanzo-law.com

ELISABETH A. DEBARTOLO, SBN 224602
DEBARTOLO LAW
99 Pacific Street, Suite 555-B
Monterey, CA 93940
Telephone No. (831) 402-7058
DeBartolo_law@yahoo.com

*Attorneys for Plaintiff Intervenors*

ULRICO ROSALES, SBN 139809 (CA)
BRIZA SANCHEZ, SBN 288470 (CA)
WILSON, SONSINI, GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Fax: (650) 493-6811
rrosales@wgsr.com
bsanchez@wsgr.com

*Attorneys for Defendant JCFB, INC.*

**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>SALVADOR MARTINEZ, MARIA ANGELICA PALACIOS<br><br>Plaintiff Intervenors,<br><br>v.<br><br>JCFB, INC., d/b/a Porta Bella Restaurant and Mediterranean Restaurant; BASHAR SNEEH, an individual; FAISAL NIMRI, an individual, JACQUES ZAGOURI, an individual, and Does 1-50.<br><br>Defendants. | Case No.: 5:19-cv-00552-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT & [PROPOSED] ORDER**<br><br>Date: July 31, 2019<br>Time: 2:00 p.m.<br>Judge: Hon. Lucy H. Koh |

Pursuant to the Standing Order for All Judges of the Northern District of California and Northern District Local Rule 16-9, Plaintiff U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC or the Commission), Plaintiff Intervenors SALVADOR MARTINEZ and MARIA ANGELICA PALACIOS, and Defendant JCFB, INC. (Defendant or JCFB), (together referred to as the "Parties"), submit this Joint Case Management Conference Statement.

**1.    Jurisdiction and Service**

On January 31, 2019, the EEOC filed this civil action under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e et seq.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. (ECF 1).

The EEOC alleges that Defendant committed unlawful employment practices within the County of Monterey in the State of California which is within the jurisdiction of the United States District Court for the Northern District of California.  Venue is therefore proper in the United States District Court for the Northern District of California.

Defendant has been served and filed its Answer on April 5, 2019. (ECF 12). Defendant denies the material allegations of the Complaint.

On June 21, 2019, Plaintiff Intervenors filed their Complaint in Intervention, which was not served on JCFB or the new defendants to this case, Bashar Sneeh, Faisal Nimri, and Jacques Zagouri (New Defendants), (New Defendants together with Defendant referred to herein as Defendants). (ECF 35). Plaintiff Intervenors filed their First Amended Complaint on July 23, 2019. (ECF 38). Plaintiff Intervenors will complete service of their First Amended Complaint on all defendants by July 30, 2019.

**2.    Facts**

    **A.    Plaintiff's/Plaintiff Intervenors' Facts**

In this case, the Commission has alleged sexual harassment and constructive discharge claims under Title VII against JCFB, Inc., a corporation which operates three restaurants in Carmel, California.

    1.    Salvador Martinez

Salvador Martinez commenced his employment with Defendant on January 31, 2016, as a

1   Line Cook at the Porta Bella Restaurant.  He began experiencing harassment the following month.
2   For example, in February 2016, Leonardo Sanchez, Kitchen Manager, and Victor Rivera, Cook,
3   followed Martinez into the walk-in freezer and grabbed Martinez's penis and buttocks.  Martinez
4   told them to leave him alone, but Sanchez and Rivera just laughed.  Sanchez and Rivera continued to
5   grab Martinez's penis and buttocks during the remainder of his employment with Defendant,
6   including, at least once in front of Martinez's supervisor, Chef Jacques Zagouri.
7       Martinez complained about the harassment, both verbally and in writing.  Initially, in
8   February 2016, Martinez complained to Zagouri, who said "just ignore them."  On April 21, 2016,
9   Martinez complained again to Zagouri by text message.  When Martinez asked Zagouri why he was
10  allowing the behavior and why he didn't do anything to stop Rivera, Zagouri told him that it was just
11  all in good fun.  Martinez also reported to Defendant's owners, Bashar Alsneeh and Faisal Nimri that
12  he had been humiliated and embarrassed because he was being inappropriately physically grabbed.
13  Alsneeh told him, "they only play."
14      On April 23, 2016, Sanchez and Rivera received written warnings about their harassment of
15  Martinez.  However, the harassment continued, and Defendant did not take any further disciplinary
16  action against them.
17      In May 2016, Zagouri grabbed Martinez's penis.  Martinez complained to Alsneeh.  When
18  Defendant did not take action in response to the complaint, Martinez sent a letter to Alsneeh and
19  Nimri to complain.  After receiving the letter, Alsneeh and Nimri spoke to Zagouri, but failed to take
20  any further action to investigate the complaints.  On June 3, Martinez again complained; this time
21  through an attorney.  Defendant also ignored this complaint.
22      After Martinez complained about him, Zagouri became hostile, rude, and confrontational
23  towards Martinez, overly-scrutinized his work and yelled at him.  Zagouri physically struck
24  Martinez on two occasions in July 2016.  On July 30, 2016, Zagouri criticized Martinez for allegedly
25  improperly plating a meal.  Upset, by the criticism, Martinez left for the day.
26      On July 31, 2016, Martinez was called into a meeting by Zagouri and two other managers,
27  Sam Rehani and Rafin Ortiz.  They informed Martinez that he would receive a written warning for
28  insubordinate conduct the previous day.  Frustrated with the ongoing harassment and hostility,

1   Martinez felt compelled to resign and was constructively discharged on July 31, 2016.

2       2.    <u>Maria Palacios</u>

3   Maria Palacios was hired by Defendant as a Dishwasher in December 2015 at Defendant's
4   Mediterranean Restaurant.  Throughout her employment, Leonardo Sanchez, one of Martinez's
5   harassers, subjected Palacios to sexual comments and physical sexual harassment.  She objected to
6   the harassment, but it continued.

7   On several occasions, Sanchez hugged Palacios.  In February 2016, Sanchez stuck his tongue
8   in her ear when she was washing dishes.  In March 2016, Sanchez put his hand under Palacios' shirt
9   and grabbed her breast.  On another occasion, Sanchez followed Palacios into a walk-in freezer,
10  turned out the light and frightened her.

11  In addition to physical touching, Sanchez regularly would say in Spanish, "How good you
12  are, little mama."  He also would say in Spanish that she had: "something good downstairs."
13  Sanchez told Palacios that if she wanted to be a prep cook she would have to sleep with him.  On
14  other occasions, he offered to pay her to have sex.  Palacios complained about the harassment to a
15  manager, Sam Rehani.  The harassment stopped for a while, but then the sexual comments resumed.

16  Upset by the ongoing harassment and lack of response to her complaint, Palacios resigned on
17  May 16, 2016.

18      **B.**    **Defendant's Facts**

19  Defendant states there are significant factual disputes.  Namely, at issue, is: (i) whether
20  Defendant subjected Martinez and Palacios to unwelcome conduct of a sexual nature, (ii) whether
21  Defendant exercised reasonable care to prevent and correct promptly any sexually harassing
22  behavior, (iii) whether Martinez and Palacios unreasonably failed to take advantage of any
23  preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, (iv)
24  whether Defendant subjected Martinez and Palacios to retaliation because of their alleged
25  complaining about harassment and discrimination against them, (v) whether JCFB owes Martinez
26  any earned but unpaid overtime; and (vi) whether Defendant provided Martinez and Palacios with all
27  required meal and rest breaks during their employment with JCFB.
28  Martinez began his employment with Defendant on January 31, 2016, as a Line Cook at its

1  Porta Bella Restaurant.  During the first three months of his employment, Martinez engaged in male-
2  on-male horseplay with others in the kitchen staff, and was seen by others grabbing the buttocks and
3  penis of others in jest on several occasions.  In April 2016, Martinez complained, verbally and in
4  writing, to Zagouri that he no longer welcomed the horseplay in which he himself had previously
5  engaged, and specifically complained about two co-workers, Leonardo Velasquez and Victor Rivera.
6  In response to Martinez's complaint, Zagouri spoke to the other employees regarding their conduct
7  and let them know that it was no longer welcomed.

8  On two occasions in April and May 2016, orally and in writing. Martinez complained to the
9  restaurant's owners, Alsneeh and Nimri, that he was being physically grabbed in the workplace and
10 that it was no longer welcomed.   In response to these complaints, the owners spoke with Zagouri
11 and the other employees to investigate the concerns and to ensure that the alleged unwelcome
12 conduct did not take place in the future.  Defendant did not corroborate Martinez's allegations
13 against Zagouri.  Shortly thereafter, on June 3, 2016, Martinez's attorney sent a demand letter to
14 Alsneeh and Nimri in which she alleged harassment.

15 On July 30, 2016, Martinez failed to properly plate an entree according to Zagouri's
16 instructions.  When Zagouri criticized his work performance, Martinez became defensive and yelled
17 at Zagouri.  Martinez left the restaurant and abandoned his shift for the day.  When Martinez
18 returned to work the next day, Zagouri gave him a written warning for his insubordinate conduct the
19 previous day.  Martinez refused to sign the warning, and instead informed Zagouri that he was
20 quitting effective immediately.

21 Palacios was hired as a Dishwasher in December 2015 at Defendant's Mediterranean
22 Restaurant.  To Defendant's knowledge, Palacios never complained about any harassment prior to
23 resigning from her employment.

24 Defendant believes there will be significant damages issues, including whether Martinez and
25 Palacios have failed to mitigate their damages.  Defendant will also dispute that it terminated
26 Martinez or Palacios, and similarly dispute that sufficient facts exist to support claims of
27 constructive discharge, discrimination, harassment, retaliation, unpaid wages or a failure to provide
28

meal and rest breaks as to either individual.

**3.      Legal Issues**

SEXUAL HARASSMENT – TITLE VII

In order to prove a hostile work environment claim, the EEOC must show that: 1) Martinez and Palacios were each subjected to verbal or physical conduct of a sexual nature; 2) this conduct was unwelcome; and, 3) the conduct was "sufficiently severe or pervasive to alter the conditions of Charging Party's employment and create an abusive working environment." *Fuller v. City of Oakland,* 47 F.3d 1522, 1527 (9th Cir. 1995); *EEOC v. Prospect Airport Services, Inc.,* 621 F.3d 991, 999 (9th Cir. 2010). The EEOC must also present sufficient evidence to show that the work environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton,* 524 U.S. 775, 787 (1998).

The EEOC alleges that "[d]irect contact with an intimate body part constitutes one of the most severe forms of sexual harassment." *Worth v. Tyer,* 276 F.3d 249, 268 (7th Cir. 2001); *See also, Rene v. MGM Grand Hotel, Inc.,* 305 F.3d 1061, 1065 (9th Cir. 2002) (*en banc*) (citing cases from various circuit courts to support the proposition that "physical assault has routinely been prohibited as sexual harassment under Title VII"). The EEOC further alleges that, harassment by a supervisor or other person with authority is inherently more severe than similar misconduct by a non-supervisor, because a "supervisor's power and authority invests his or her harassing conduct with a particular threatening character." *Zetwick v. City of Yolo*, 850 F.3d 436, 445 (9th Cir. 2017).

The EEOC alleges that for any alleged harassment by supervisors, Defendant is vicariously liable unless it can prove: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). The EEOC alleges that for harassment by employees who were not supervisors under the standard set forth in *Vance v. Ball State Univ.*, 570 U.S. 421 (2013), the co-worker liability standard must be used. It maintains that Courts have unanimously applied a negligence standard—"knew or should have known"—to

1  determine an employer's liability for co-worker harassment.  *See Faragher v. City of Boca Raton*,
2  524 U.S. 775, 799 (1998) (federal courts have "uniformly judg[ed] employer liability for co-worker
3  harassment under a negligence standard").
4  Defendant disputes the EEOC's allegations of sexual harassment.

## CONSTRUCTIVE DISCHARGE – TITLE VII

6  In order to prove a constructive discharge claim, the EEOC "must show that the abusive
7  working environment became so intolerable that resignation qualified as a fitting response." *Penn.*
8  *State Police v. Suders*, 542 U.S. 129, 133 (2004).  The totality of the circumstances must be
9  considered, and the determination is "normally a factual question left to the trier of fact." *Watson v.*
10 *Nationwide Ins. Co.*, 823 F.2d 360, 361 (9th Cir. 1987).  Defendant disputes the EEOC's allegations
11 of constructive discharge.

## STATE CLAIMS

13 Plaintiff Intervenors allege they were harassed, discriminated, and retaliated against pursuant
14 to California Government Code Section 12940, et seq. California law prohibits an employer from
15 retaliating against any employee who engages in protected activity under the Fair Employment and
16 Housing Act ("FEHA"). To establish a prima facie case of retaliation, a plaintiff must show that (1)
17 she or he engaged in a protected activity; (2) the employer subjected the plaintiff to an adverse
18 employment action; and (3) the protected activity and the employer's adverse action were causally
19 connected. *Iwekaogwu v. City of L.A*. (1999) 75 Cal. App. 4th 803, 814. "Protected activity" includes
20 complaining to one's employer or opposing conduct that the employee in good faith believes to be
21 discriminatory or wrongful, whether or not it is ultimately found to be a violation. *Yanowitz v.*
22 *L'Oreal US, Inc.* (2005) 36 Cal. 4th 10228, 1043; *Miller v. Dept. of Corrections* (2005) 36 Cal. 4th
23 446. California Government Code Section 12940(k) requires employers to "take all reasonable steps
24 necessary to prevent harassment or retaliation from occurring." Employers are required to take
25 reasonable steps even absent any complaint or any knowledge that harassment or retaliation has
26 taken place. To make a claim for failure to prevent discrimination or retaliation under FEHA, a
27 plaintiff must show three essential elements: (1) the employee was subjected to discrimination or
28 retaliation, (2) the employer failed to take all reasonable steps to prevent discrimination or

retaliation, and (3) this failure caused the employee to suffer injury, damage, loss or harm. *See Leleind v. City and County of San Francisco* (N.D. Cal. 2008) 576 F. Supp. 2d 1079.

## WAGE AND HOUR CAUSES OF ACTION

Plaintiff Intervenors allege that they were not provided duty free meal and rest periods by Defendant JCFB and should receive damages stemming from waiting time penalties, liquidated damages, and for Defendant JCFB's failure to provide compliant and accurate wage statements. The California Supreme Court, in *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, set forth the requirements that an employer must adhere to in order to have compliant meal period policies. Specifically, Employers must provide and uninterrupted meal period of at least 30 minutes after no more than five hours of work. Employers must provide a second meal period of no less than 30 minutes for all work days that the employee works more than 10 hours. In order to comply with this requirement, an employer must: (1) relieve the employee of all duties; (2) provide a reasonable opportunity to take the meal period; and (3) not interrupt employees from take meal periods. Further, an employer is required to pay all wages earned and unpaid to the employee at the time of discharge. Cal. Lab. Code § 201. If the employer willfully fails to pay any wages of an employee who is discharged or who quits, the employee must be compensated with a full day's pay for each day such wages are unpaid up to 30 days. Cal. Lab. Code § 203. Under California Labor Code § 226, all employees are entitled to an accurate wage statement.

Plaintiff Intervenor Salvador Martinez alleges he was not paid for overtime worked. Any employee is entitled to at least 1 ½ times his regular pay for all hours in excess of eight hours in a work day and forty hours in a work week, and two times his regular pay for all hours worked in excess of twelve hours a work day. Cal. Lab. Code § 510.

## OTHER DISPUTED LEGAL ISSUES

Other disputed legal issues in this matter include:

- Whether the alleged unwelcomed conduct was indeed unwelcomed;
- Whether Defendant took any adverse action against Martinez or Palacios, or engaged in any retaliation;
- Whether Defendant owes Martinez any earned but unpaid overtime;

- Whether Defendant provided Martinez and Palacios meal and rest breaks during their employment with JCFB;
- Whether Martinez or Palacios properly mitigated their damages; and
- The proper remedy if liability is found to exist, including the existence and amount, if any, of damages to which the EEOC, Martinez, or Palacios is entitled.

**4.   Motions**

Martinez and Palacios filed a Motion to Intervene on April 12, 2019. (ECF 17) The Court granted Plaintiff Intervenors leave to file their Complaint in Intervention on June 20, 2019. (ECF 33).

The Parties may file discovery motions, including motions for protective orders and motions to compel, if necessary.  The Parties may also move for judgment on the pleadings or for summary judgment.  Additionally, should this matter proceed to trial, the Parties may file motions *in limine*.

**5.   Amendment of Pleadings**

Plaintiff Intervenors filed their Complaint in Intervention on June 21, 2019. (ECF 35). Plaintiff Intervenors delayed service of the Complaint in Intervention in order to negotiate the filing of their First Amended Complaint with JCFB.  Plaintiff Intervenors' First Amended Complaint was filed on July 23, 2019 (ECF 38), and it will be served on all defendants by July 30, 2019.  The Parties propose an August 31, 2019 deadline for amending the pleadings.

**6.   Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.   Disclosures**

In accordance with Fed. R. Civ. P. 26(a) and General Order 71, the EEOC and JCFB have already exchanged initial disclosures. The Parties anticipate completing the exchange of initial disclosures regarding the First Amended Complaint by September 30, 2019.

**8.   Discovery**

    **A.   Discovery to Date**

To date, the Parties have not propounded discovery.

**B.     Scope of Discovery**

The scope of discovery will include the following topics:

**Plaintiff/Plaintiff Intervenors:** Plaintiff anticipates that discovery may include, but is not necessarily limited to the following:

- Facts relating to alleged sexual harassment and constructive discharge;
- Complaints of sexual harassment made to Defendant;
- Defendant's responses to complaints of sexual harassment and corrective action taken, if any;
- Defendant's policies and procedures;
- Defendant's training on and dissemination of policies and procedures;
- Damages, including lost wages and benefits;
- The current efficacy of Defendant's actions to prevent sexual harassment;
- The identity of and contact information for witnesses; and/or
- Defendant's asserted factual allegations and defenses.

**Defendant:** Defendant anticipates that the subjects on which discovery may be needed will include, but are not limited to the following:

- Facts relating to alleged sexual harassment, discrimination, constructive discharge and retaliation;
- Complaints of sexual harassment made to Defendant (if any);
- Facts relating to Defendant's alleged failure to pay overtime and provide meal and rest breaks;
- Damages, including facts relating to the alleged damages and the mitigation of damages;
- Mitigation efforts by Martinez and Palacios;
- The identity of and contact information for witnesses, including any subsequent employers for Martinez and Palacios.

The Parties have agreed to allow service by email.

**C.     Modifications to Discovery**

The Parties agree that discovery will be conducted according to the Federal Rules of Civil

Procedure and do not anticipate that they will need to deviate from the limitations contained therein.

**D.    E-Discovery**

Plaintiff EEOC, Plaintiff Intervenors and Defendant JCFB, through their respective counsel have discussed and will continue to work in good faith to determine whether a Stipulated Order regarding the discovery of electronically stored information should be filed.

**E.    Proposed Discovery Plan**

Plaintiff EEOC, Plaintiff Intervenors and Defendant JCFB agree to conduct limited fact discovery prior to engaging in mediation.  Assuming the Parties' Fed. R. Civ. P. 26(a) and General Order 71 Initial Disclosures are complete, they agree to postpone written discovery until after the court-ordered mediation.  EEOC, Plaintiff Intervenors and JCFB agree that, prior to mediation, Plaintiff/Plaintiff Intervenors may take a maximum of four (4) depositions with a maximum length of three hours for each deposition, and Defendant JCFB may take a maximum of four (4) depositions with a maximum length of three hours for each deposition.  If mediation efforts are not successful, additional discovery will be necessary, including but not limited to, completing the aforementioned depositions.

**F.    Anticipated Discovery Disputes**

The Parties agree to meet and confer to attempt to achieve a joint resolution regarding all discovery disputes before seeking judicial intervention.  There are currently no discovery disputes.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

The Parties are not aware of any active cases related to the instant action.

**11.    Relief**

**Plaintiff** has requested the following relief:

a.  A permanent injunction against Defendant JCFB to bring Defendant in compliance with Title VII and prevent recurrence of the alleged violations of the law;

b.  An order requiring Defendant JCFB to institute and carry out policies and programs that provide equal employment opportunities for its employees;

c.  An order requiring Defendant JCFB to pay appropriate back wages with prejudgment

     interest in an amount to be determined at trial, and compensation for lost benefits to Martinez;

d.  An order requiring Defendant JCFB to pay compensation for past and future pecuniary losses, including job search expenses and medical expenses;

e.  An order requiring Defendant JCFB to compensate Martinez and Palacios for past and future nonpecuniary losses, including inconvenience, pain and suffering, loss of enjoyment of life, anxiety, stress, and humiliation;

f.  An order requiring Defendant JCFB to pay punitive damages;

g.  Any further relief that the Court deems necessary and proper; and,

h.  An award to the EEOC for its costs in this action.

**Plaintiff Intervenors** have requested the following relief:

  A.  Award Plaintiff Intervenors compensatory damages including lost wages and benefits according to proof;

  B.  Award Plaintiff Intervenors mental and emotional distress damages for their emotional suffering and related medical and therapeutic expenses according to proof;

  C.  Award Plaintiff Intervenors civil penalties as provided by statute;

  D.  Award Plaintiff Intervenors punitive and exemplary damages according to proof;

  E.  Award Plaintiff Intervenors attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. §20003-5(k); California Labor Code 1194 and 2699(g)(1),

  F.  Award Plaintiff Intervenors prejudgment and post-judgment interest on all amounts claimed; and award Plaintiff Intervenors any other relief that the Court may deem proper;

  G.  All damages which individual Plaintiff Intervenors have sustained as a result of Defendants' conduct, including; general and special damages for lost compensation and job benefits that they would have received but for the discriminatory practices of Defendants, damages for emotional distress, and punitive damages, in amounts according to proof;

  H.  A preliminary and permanent injunction against Defendants and their directors, officers, owners, agents, successors, supervisors, employees and representatives, and any and all persons acting in concert with them, requiring them to:

    a.  Desist from engaging in each of the unlawful practices, policies, customs and usages set forth herein,

       b. Adopt a lawful policy for preventing and remedying unlawful harassment and discrimination that creates an effective process for the investigation and resolution of harassment and discrimination complaints and forbids unlawful retaliation against complainants; and

       c. Create a monitoring and reporting system to ensure that injunctive relief is fully implemented;

   I. A declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. 5 2000(e), et seq.

   J. Costs of litigation incurred by Plaintiff Intervenors including reasonable attorneys' fees, to the extent allowable by law;

   L. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

   M. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex or race.

   N. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and all people of any race, and which eradicate the effects of its past and present unlawful employment practices.

   O. Order Defendants to make whole Plaintiff Intervenors and similarly situated individuals in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

   P. Order Defendants to make whole Plaintiff Intervenors and similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

   Q. Order Defendants to pay Plaintiff Intervenors and similarly situated individuals punitive and exemplary damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

   R. Grant such further relief as the Court deems necessary and proper in the public interest.

**Defendant** states that neither Plaintiff nor Plaintiff Intervenors are entitled to any relief from Defendant. At this stage of the litigation, it is premature to evaluate the bases on which any alleged damages should be calculated in the event liability were established. However, Defendant states that the bases on which any alleged damages should be calculated would include, but not be limited to, compensatory losses suffered by Palacios and Martinez, as offset by actual earned wages, and any actual out of pocket expenses for medical treatment (if any).

**12.   Settlement and ADR**

Plaintiff EEOC, Plaintiff Intervenors and Defendant JCFB have discussed the possibility of informal settlement discussions and have agreed to participate in ADR. They have filed a stipulation with this Court stating that they agree to mediation with the Court's ADR Unit by November 11, 2019. (ECF 36).

**13.   Consent to Magistrate Judge For All Purposes**

The Parties did not consent to proceed before a Magistrate Judge.

**14.   Other References**

The Parties do not believe this case is suitable for binding arbitration or any other referrals.

**15.   Narrowing of Issues**

The Parties have met and conferred and have not identified any appropriate issues that can be narrowed.

**16.   Expedited Schedule**

The Parties do not believe this case is suitable for expedited scheduling.

**17.   Scheduling**

Due to the filing of the Complaint in Intervention and Plaintiff Intervenors' First Amended Complaint, additional parties and issues have been added to this case. Accordingly, the Parties propose the following modified schedule to the Court:

///

///

///

| Discovery/Trial Schedule | Date Proposed |
|---|---|
| Mediation with a Panel Mediator | November 11, 2019 |
| Initial Case Management Conference | July 31, 2019 |
| Date first set of interrogatories/RFAs/ RFPDs may be served, assuming Initial Disclosures and General Order 71 disclosures are complete | November 12, 2019 |
| Initial Discovery pursuant to General Order No. 71 between Plaintiff Intervenors and Defendants | September 30, 2019 |
| Deadline to amend pleadings | August 30, 2019 |
| Fact Discovery cut-off | April 1, 2020 |
| Initial expert reports (Rule 26(a)(2)(b)) | May 1, 2020 |
| Rebuttal expert reports due | June 1, 2020 |
| Expert discovery cut-off | July 1, 2020 |
| Dispositive motions filing deadline | August 3, 2020 |
| Hearing deadline for dispositive motions | To be determined at the Court's convenience |
| Pre-Trial Conference | September 24, 2020 |
| Trial (by jury) begins | October 26, 2020 |

18. **Trial**

The case will be tried by a jury. The Parties estimate the trial will take approximately seven court days.

19. **Disclosure of Non-party Interested Entities or Persons**

Plaintiff has not filed the Certification of Interested Entities or Persons because as a governmental entity, it is not required to file such certification per Civil Local Rule 3-15(a). Defendant JCFB filed its Certification of Interested Entities or Persons on April 5, 2019. (ECF 13). Plaintiff Intervenors have not yet filed their Certification of Interested Entities or Persons. New Defendants have not yet filed their Certification of Interested Entities or Persons, and to date have not made an appearance in this matter.

**20.** **<u>Professional Conduct</u>**

The attorneys of record for the Parties have reviewed the guidelines for professional conduct for the Northern District of California.

**21.** **<u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter</u>**

None.

Respectfully submitted,

Dated: July 24, 2019

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: /s/ *Raymond T. Cheung*
    Raymond T. Cheung
    Attorney for Plaintiff

Dated: July 24, 2019

SALVADOR MARTINEZ, and
MARIA ANGELICA PALACIOS

By: /s/ *Lori J. Costanzo*
    LORI J. COSTANZO
    ANDREA JUSTO
    Attorneys for Plaintiff Intervenors

By: /s/ *Elisabeth A. DeBartolo*
    ELISABETH A. DEBARTOLO
    Attorney for Plaintiff Intervenors

Dated: July 24, 2019

JCFB, INC.

By: /s/ *Briza Sanchez*
    ULRICO ROSALES
    BRIZA SANCHEZ
    Attorneys for Defendant JCFB, Inc.

///

## **LOCAL RULE 5-1(i)(3) ATTESTATION**

I, Lori J. Costanzo, am the ECF User whose ID and password are being used to file the Joint Case Management Conference Statement & [Proposed] Order. In compliance with Local Rule 5-1(i)(3), I hereby attest that attorneys for Defendant JCFB and Plaintiff U.S. Equal Employment Opportunity Commission concurred in this filing

Dated:  July 24, 2019                                     */s/ Lori J. Costanzo*
                                                                            By: Lori J. Costanzo

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all Parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
HON. LUCY H. KOH
United States District Judge