UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JCFB, INC.,<br><br>Defendant. | Case No. 19-CV-00552-LHK<br><br>**ORDER DENYING MOTION FOR TEMPORARY INJUNCTION WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 46 |

On August 12, 2019, Michael Buesgens filed a motion for temporary injunction in the instant suit. ECF No. 46. Buesgens is not a Plaintiff, a Defendant, a Plaintiff Intervenor, or a Defendant in Plaintiff Intervenors' first amended complaint, ECF No. 38. Thus, Buesgens is a nonparty to this suit.

Under Ninth Circuit law, District Courts "properly refuse[]" to consider any "motion [that] was filed by a nonparty." *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440 (9th Cir. 1987). If "a party does not formally intervene, it does not have the right to be heard." *Greenbaum v. Islamic Republic of Iran*, 2008 WL 11336781, at *1 (C.D. Cal. July 7, 2008) (citing *Citibank*, 809 F.2d at 1440).

Because Buesgens is a nonparty, under *Citibank*, the Court will not entertain Buesgens'

1

Case No. 19-CV-00552-LHK
ORDER DENYING MOTION FOR TEMPORARY INJUNCTION WITHOUT PREJUDICE

1  motion for temporary injunction. If Buesgens seeks to participate in this suit, he must first move to
2  intervene under Federal Rule of Civil Procedure 24.

Furthermore, the Court notes that even if Buesgens' motion for temporary injunction were addressed on the merits, Buesgens' motion would undoubtedly be denied. A motion for a "temporary injunction" is construed as a motion for a preliminary injunction. *Sparlin v. Bank of Am. Home Loans*, 2010 WL 11474945, at *1 (D. Ariz. Oct. 4, 2010). The legal standard for granting preliminary injunction or a temporary restraining order is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). Specifically, parties seeking a preliminary injunction or a temporary restraining order must establish that: "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).

Buesgens' motion addresses none of the requirements for a preliminary injunction or a temporary restraining order. Rather, Buesgens' motion mostly consists of statements regarding people who are not parties to this suit, issues that have no bearing on the suit, and non sequiturs. For instance, Buesgens' motion states: "James L. Lee, Jennifer S. Goldstein and Lorraine C. Davis transfer of conciliation failure." ECF No. 46 at 2. The motion also states: "Do James L. Lee, Jennifer S. Goldstein, Lorraine C. Davis and Victoria Lipnic have the legal authority to decide no judicial review anywhere?" *Id.* Also, Buesgens claims that James L. Lee has a "secret and invisible settlement." *Id.* at 3.

In sum, the Court DENIES nonparty Michael Buesgens' motion for temporary injunction without prejudice. If Buesgens successfully intervenes in the instant case, he may refile his motion for temporary injunction.

**IT IS SO ORDERED.**

Dated: August 14, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge