1  ULRICO S. ROSALES, State Bar No. 139809
   Email: rrosales@wsgr.com
2  BRIZA SANCHEZ, State Bar No. 288470
   Email: bsanchez@wsgr.com
3  NEDIM NOVAKOVIC, State Bar No. 313574
   Email: nnovakovic@wsgr.com
4  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
5  650 Page Mill Road
   Palo Alto, CA 94304-1050
6  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
7
   Attorneys for Defendants
8  JCFB, INC. d/b/a Porta Bella Restaurant and
   Mediterranean Restaurant;
9  BASHAR SNEEH and FAISAL NIMRI

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

| | |
|---|---|
| 13  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) CASE NO.: 5:19-cv-00552-LHK |
| 14 | ) **DEFENDANTS JCFB, INC.,** |
|              Plaintiff, | ) **BASHAR SNEEH, AND FAISAL** |
| 15 | ) **NIMRI'S ANSWER TO PLAINTIFF** |
|  | ) **INTERVENORS' FIRST AMENDED** |
| 16  SALVADOR MARTINEZ, | ) **COMPLAINT IN INTERVENTION** |
| 17              Plaintiff Intervenor, | ) Before: The Hon. Lucy H. Koh |
| 18 | ) |
| MARIA ANGELICA PALACIOS, | ) |
| 19 | ) |
|              Plaintiff Intervenor, | ) |
| 20 | ) |
|         v. | ) |
| 21 | ) |
| JCFB, INC., d/b/a Porta Bella Restaurant and | ) |
| 22  Mediterranean Restaurant; BASHAR SNEEH, an individual; FAISAL NIMRI, an individual, | ) |
| 23  JACQUES ZAGOURI, an individual, and Does 1-50. | ) |
| 24 | ) |
|              Defendants. | ) |
| 25 | ) |

26

27

28
                                    1

Defendants JCFB, Inc. d/b/a Porta Bella Restaurant and Mediterranean Restaurant, BASHAR SNEEH and FAISAL NIMRI ("Defendants") hereby answer the First Amended Complaint in Intervention of Plaintiff Intervenors SALVADOR MARTINEZ ("Martinez") and MARIA ANGELICA PALACIOS ("Palacios") (together referred to herein as "Plaintiff Intervenors"), as follows:

## JURISDICTION AND VENUE

1.     Defendants deny that Plaintiff Intervenors were subjected to a hostile work environment, quid pro quo harassment, retaliation based on engaging in protected activity and intersectional harassment based on sex and race during their employment with Defendants. Except as expressly denied above, Defendants admit the remaining allegations in Paragraph 1.

2.     Defendants deny that this Court has jurisdiction over this matter pursuant to 38 U.S.C. §§ 1331, 133, and 1343(a)(4).  Except as expressly denied above, Defendants admit the remaining allegations in Paragraph 2.

## INTRADISTRICT ASSIGNMENT

3.     Defendants admit that this action is appropriate for assignment to the San Jose Division of this Court.  Except as expressly admitted above, Defendants deny the remaining allegations in Paragraph 3.

## PARTIES

4.     Defendants admit the allegations in Paragraph 4.

5.     Defendants admit that the Plaintiff Intervenors were formerly employed by Defendants, and that they allege wrongful acts occurred during their employment with JCFB. Except as expressly admitted above, Defendants deny the remaining allegations in Paragraph 5.

6.     Defendants admit the allegations in Paragraph 6.

7.     Defendants state that JCFB's owners are Bashar Sneeh  ("Sneeh") and Faisal Nimri ("Nimri").  Except as stated above, Defendants admit the allegations in Paragraph 7.

8.     Defendants admit the allegations in Paragraph 8.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, deny those allegations.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants state that Paragraph 11 speaks for itself, and except as so stated Defendants deny the allegations.

## STATEMENT OF CLAIMS

12.     Defendants deny that the U.S. Equal Employment Opportunity Commission ("EEOC") issued Letters of Determination finding that "Charging Parties and similarly situated individuals" were subjected to unlawful employment discrimination and harassment.  Defendants state that Palacios filed an untimely charge with the EEOC, which was promptly dismissed and closed.  Defendants admit that the EEOC issued Letters of Determination to Defendant JCFB, and states that the letters speak for themselves.  Defendants deny the remaining allegations in Paragraph 12.

13.     Defendants deny that JCFB ever promoted Martinez to second in command in the kitchen, and state that he never formally occupied such a position.  Defendants deny that Martinez was expected to work through all rest periods and meal breaks and was not paid for said breaks.  Defendants deny that Martinez was not paid for overtime worked in the first fourteen days of his employment. Except as expressly denied and stated above, Defendants admit the remaining allegations in Paragraph 13.

14.     Defendants deny that Palacios was expected to work through all rest breaks and meal periods and was not paid for rest and meal breaks.  Except as expressly denied above, Defendants admit the remaining allegations in Paragraph 14.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants admit that in April 2016, Martinez verbally complained to his supervisor, Jacques Zagouri ("Zagouri"), about harassment by a co-worker.  Defendants admit that Martinez sent Zagouri a complaint in writing following the verbal complaint.  Defendants

admit that in April 2016, Martinez told Sneeh and Nimri that he was being physically grabbed. Defendants admit that in May 2016, Martinez sent a letter to Sneeh and Nimri complaining about harassment.  Defendants admit that Sneeh and Nimri spoke to Zagouri about Martinez's complaint, and that Zagouri continued to supervise Martinez following his complaint. Defendants admit that in June 2016, Martinez complained to Defendants through an attorney. Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, on that basis, deny those allegations.

18.    Defendants state that they posted required notices regarding sexual harassment and discrimination in the workplace, and that Martinez and Palacios were aware of these postings.  Defendants admit that there was no formal sexual harassment training prior to Martinez's complaint, but state that training took place thereafter.  Defendants state that as applicable, the California Code of Regulations speaks for itself.  Except as so stated and admitted, Defendants deny the allegations in Paragraph 18.

19.    Defendants admit that Palacios speaks primarily Spanish.  Defendants deny that Palacios ever complained about harassment, and states that they were unaware of any such alleged conduct.  Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, on that basis, deny those allegations.

20.    Defendants deny the allegations in Paragraph 20.

21.    Defendants admit that Zagouri was Martinez's supervisor until he voluntarily resigned from his employment at the Porta Bella Restaurant.  Except as expressly admitted above, Defendants deny the remaining allegations in Paragraph 21.

22.    Defendants deny the allegations in Paragraph 22.

23.    Defendants deny the allegations in Paragraph 23.

24.    Defendants deny the allegations in Paragraph 24.

25.    Defendants deny the allegations in Paragraph 25.

**FIRST CAUSE OF ACTION**

**UNLAWFUL EMPLOYMENT DISCRIMINATION – FEDERAL**

**(Against JCFB and Does 1-50)**

26.   Defendants deny the allegations in Paragraph 26.

27.   Defendants deny the allegations in Paragraph 27.

28.   Defendants deny the allegations in Paragraph 28.

29.   Defendants deny the allegations in Paragraph 29.

**SECOND CAUSE OF ACTION**

**UNLAWFUL EMPLOYMENT DISCRIMINATION – STATE**

**(Against JCFB and Does 1-50)**

30.   Defendants deny the allegations in Paragraph 30.

31.   Defendants deny the allegations in Paragraph 31.

32.   Defendants deny the allegations in Paragraph 32.

33.   Defendants deny the allegations in Paragraph 33.

34.   Defendants deny the allegations in Paragraph 34.

35.   Defendants deny the allegations in Paragraph 35.

36.   Defendants deny the allegations in Paragraph 36.

37.   Defendants deny the allegations in Paragraph 37.

**THIRD CAUSE OF ACTION**

**HOSTILE WORK ENVIRONMENT: INTERSECTIONAL HARASSMENT – STATE**

**(Against JCFB and Does 1-50)**

38.   Defendants admit that Plaintiff Intervenors are Hispanic and that Palacios is a female.  Except as expressly admitted above, Defendants deny the allegations in Paragraph 38.

39.   Defendants deny the allegations in Paragraph 39.

40.   Defendants deny the allegations in Paragraph 40.

41.   Defendants deny the allegations in Paragraph 41.

42.   Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

**FOURTH CAUSE OF ACTION**

**UNLAWFUL RETALIATION BASED ON PROTECTED ACTIVITY – FEDERAL**

**(Against JCFB and Does 1-50)**

44.     Defendants admit that Martinez complained about harassment by a co-worker. Except as expressly admitted above, Defendants deny the remaining allegations in Paragraph 44.

45.     Defendants state that Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3(a) speaks for itself.  Except as stated above, Defendants deny the remaining allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants admit that Martinez verbally complained to Zagouri, Sneeh and Nimri about alleged harassment by a co-worker.  Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and, on that basis, deny those allegations.

48.     Defendants admit that Martinez verbally complained to Zagouri, Sneeh, and Nimri about alleged harassment by a co-worker. Except as expressly admitted above, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and, on that basis, deny those allegations

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants admit that Plaintiff Intervenors have retained the assistance of counsel.  Except as expressly admitted above, Defendants deny the remaining allegations in Paragraph 52.

/ / /

**FIFTH CAUSE OF ACTION**

**UNLAWFUL RETALIATION BASED ON PROTECTED ACTIVITY – STATE**

**(Against JCFB and Does 1-50)**

53.     Defendants admit the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

**SIXTH CAUSE OF ACTION**

**AIDING AND ABETTING SEXUAL HARASSMENT, SEX DISCRIMINATION AND**

**RETALIATION – STATE**

**(Against All Defendants)**

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT – STATE**

**(Against JCFB and Does 1-50)**

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants admit the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PROVIDE DUTY FREE MEAL AND REST PERIODS**

**(Against JCFB and Does 1-50)**

91.     Defendants state that Labor Code section 226.7 and IWC Wage Orders 5 and 16 speak for themselves.  Except as stated above, Defendants deny the remaining allegations in Paragraph 91.

92.     Defendants state that Labor Code section 226.7 and IWC Wage Orders 5 and 16 speak for themselves.  Except as stated above, Defendants deny the remaining allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants state that Labor Code section 226.7(b) speaks for itself.  Except as stated above, Defendants deny the remaining allegations in Paragraph 94.

**NINTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME**

**(Against JCFB and Does 1-50)**

95.     Defendants state that IWC Wage Order 5 speaks for itself.  Except as stated above, Defendants deny the remaining allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

**TENTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(Against JCFB and Does 1-50)**

98.     Defendants admit the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.     Defendants state that Labor Code section 203 speaks for itself.  Except as stated above, Defendants deny the remaining allegations in Paragraph 100.

101.     Defendants deny the allegations in Paragraph 101.

**ELEVENTH CAUSE OF ACTION**

**LIQUIDATED DAMAGES**

**(Against JCFB and Does 1-50)**

102.    Defendants state that Labor Code sections 1194 and 1194.2 speaks for themselves.  Except as stated above, Defendants deny the remaining allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

**TWELFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE COMPLIANT AND ACURATE WAGE STATEMENTS**

**(Against JCFB and Does 1-50)**

104.    Defendants state that Labor Code section 226 speaks for itself.  Except as stated above, Defendants deny the remaining allegations in Paragraph 104.

105.    Defendants state that Labor Code section 226 speaks for itself.  Except as stated above, Defendants deny the remaining allegations in Paragraph 105.

106.    Defendants state that Labor Code section 226 speaks for itself.  Except as stated above, Defendants deny the remaining allegations in Paragraph 106.

107.    Defendants state that Labor Code section 226 speaks for itself.  Except as stated above, Defendants deny the remaining allegations in Paragraph 107.

108.    Defendants admit the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109.

110.    Defendants state that Labor Code section 266 speaks for itself.  Except as stated above, Defendants deny the remaining allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

**DEFENDANTS' RESPONSE TO PLAINTIFF INTERVENORS' PRAYER FOR RELIEF**

Defendants deny that Plaintiff Intervenors are entitled to any of the relief sought in the First Amended Complaint in Intervention, or to any relief whatsoever.  Any and all remaining allegations not specifically admitted herein are denied.

**AFFIRMATIVE DEFENSES**

Defendants set forth the following affirmative and other defenses.  By setting forth these defenses, Defendants do not assume the burden of proof or persuasion as to any matter for which that burden rests with Plaintiff Intervenors.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The First Amended Complaint in Intervention, and each and every purported cause of action contained therein, fails to set forth facts sufficient to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

The First Amended Complaint in Intervention, and each and every purported cause of action contained therein, is barred, in whole or in part, because to the extent Martinez or Palacios suffered damages, each of them failed to mitigate such damages, in whole or in part.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

Plaintiff Maria Angelica Palacios' causes of action against Defendants is barred in whole or in part because she failed to exhaust her administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

(Good Faith; Not Willful)

Defendants at all times acted in good faith in attempting to comply with wage and hour laws and any violation of such laws was not willful.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendants reserve herein the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff Intervenors are entitled to any of the relief requested in its Prayer for Relief, and prays for judgment as follows:

1.      That Plaintiff Intervenors take nothing by way of their First Amended Complaint in Intervention;

2.      That judgment be entered in favor of Defendants and against Plaintiff Intervenors and that Plaintiff Intervenors' actions against Defendants be dismissed in their entirety;

3.      For costs incurred herein to the extent permitted  by law;

4.      For reasonable attorneys' fees incurred herein to the extent permitted by law; and

5.      For such other and further relief as the Court may deem just and proper.

Dated:  September 23, 2019

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:  /s/ Ulrico S. Rosales
        Ulrico S. Rosales
        Briza Sanchez
        Nedim Novakovic

Phone: (650) 493-9300
Email: rrosales@wsgr.com

Attorneys for Defendants
JCFB, INC. d/b/a Porta Bella Restaurant and
Mediterranean Restaurant, BASHAR SNEEH,
and FAISAL NIMRI